# EX PARTE: CHARLES L. DEVOY, Petitioner.

**St. Louis Court of Appeals.　Opinion Filed December 7, 1921.**

1. **HABEAS CORPUS: Contempt: Scope of Writ.** One imprisoneα for contempt for violating an order which the court had no au-thority to make may be released on *habeas corpus.*

2. ———: ———: **Judgment Not Conclusive.** A judgment of the circuit court committing a person for contempt is not conclusive upon the facts, but such facts may be inquired into in the court of which the writ of *habeas corpus* issues, and such court is not limited in such proceedings to an inquiry as to the convicting court's jurisdiction, but if the truth of the findings upon which the judgment is based is denied in petitioner's reply to the return, or in some other appropriate manner, inquiry may be made in regard thereto.

3. **RECEIVERS: Functions.** A receiver is an indifferent person ap-pointed to receive and protect the property in litigation *pendente lite.*

4. ———: **Will Contests: Power of Court of Equity to Appoint: May Take Possession of Real Estate Involved.** A court of equity, undeι a proper showing, may appoint a receiver and direct that such receiver take possession of real estate which is involved in a will contest.

5. ———: ———: ———: ———: **Ejectment Suit Not Required.** Pending a will contest, if the appointment of a receiver undeι certain circumstances is justified to take immediate steps to holα and preserve the property from waste, such receiver may take such property under the order of court and is not required to bring a suit in ejectment, even though plaintiff in the will contest claims the right to such property during the pendency of the will contest suit.

6. ———: **Interference With Duties: Contempt.** A receiver becomes an officer or arm of the court, and any willful interference with the performance of the duties of the receiver, or willful disobedi-ence of the demand of the receiver in the discharge of his duties as set forth in the order appointing him, is a direct contempt resulting in the interference with the court's administration oι the *res.*

7. ———: **Will Contests: Property in Possession of Parties to Suit: Court May Order Receiver to Take Summary Possession.** Where the possession of property involved in a will contest is withheld from a receiver by persons who are parties to the suit, or by others claiming under such parties, with notice of the appointment of a receiver, the court on proper showing had authority to order the receiver to take summary possession of the property to preserve same from waste and collect the rents.

Habeas Corpus. Original Proceeding.
WRIT DENIED AND PETITIONER REMANDED.

*Leahy* and *Saunders* for petitioner.

(1) The proper action to dispossess petitioner was a suit in ejectment. Rees v. Andrews, 169 Mo. 192; Blythe et al. v. Hinckley et al., 84 Fed. Rep. 246. (2) The order committing the petitioner was unlawful and in excess of the authority of a chancellor. Section 28, article 2 of the Constitution of Missouri; Section 1 of the Fourteenth Amendment to the Federal Constitution; Rees v. Andrews, 169 Mo. 192; Johnson et al. v. Monday, 104 Fed. Rep. 594; Metzger et al. v. McCoy, 105 Fed. Rep. 676; Blythe v. Hinckley, 84 Fed. Rep., 246; Nichols v. Boyne City Lumber Co., 156 Mich. 234; Blackwood v. Van Vleet, 11 Mich. 252; Payne v. Dougherty, 251 Ill. 396; Whiteham v. Lehner, 22 Okla. 672; First Congregational Church v. Page et al., 257 Ill. 472; Kohl et al. v. Mettee, 47 S. W. 407; Brown et al. v. Horvell, 86 S. W. 306; Hughes et al. v. Hannah et al., 22 S. Rep. 1897; Williams et al. v. Fowler et al., 50 Atl. Rep. 969. (3) The application for the writ is in proper form. Section 1877, R. S. 1919. (4) This court should issue the writ of *habeas corpus.* Ex Parte Webers, 205 S. W. 622; In re Clark, 208 Mo. 121; 21 Cyc. 282-283; Ex Parte Arnold, 128 Mo. 256. (5) There is no presumption of the validity of a will. The burden of proof rests upon persons seeking to uphold it. Carl v. Gabel, 120 Mo. 283. (6) The action of the probate court in admitting or rejecting a will does not tend to prove or disprove the will. Lambs v. Helm, 56 Mo. 420. (7) In the suit to contest a will, the contest acts as a *supersedeas* and is, in fact,

an appeal. Johnson v. Brewn, 210 S. W. 55; Lamb v. Helm, 56 Mo. 420. (8) Title to real estate, until will is proven in solemn form, is vested in the heirs at law of the supposed testator, and purchase from executor or from designated beneficiary conveys no title until will is proven. Johnson v. Brewn, 210 S. W. 55; Section 225, R. S. 1919. (9) Equity will not intervene where an adequate remedy at law exists. Price et al. v. Bankers Trust Co., 178 S. W. 746. (10) The court had no authority to appoint a receiver in this case, as the party in possession was one of five joint owners and made no opposition to the other joint owners sharing possession with him.

*Frank X. Heimenz* for respondent.

(1) The circuit court of the city of Saint Louis, is a court of general common-law jurisdiction, and has inherent power to punish as a contempt, a wilful disobedience of its orders made in a cause pending before it, of which it has jurisdiction of the persons and subject-matter. R. S. 1919, sec. 2359; Greene Co. v. Rose, 38 Mo. 390; State ex rel. v. Harrer; 16 Mo. App. 191; Fielder v. Const. Co., 162 Mo. App. 528. (2) The order of committment in this case was made in a cause lawfully pending before the circuit court, of which it had jurisdiction, was directed against a party to the record and was a lawful order in the case. State ex rel. v. Harrer, 16 Mo. App. 191. The petitioner wilfully disobeyed the order of the court and his conduct in so doing, is a direct contempt. (4) Courts of equity have power to appoint a receiver and when that power is exercised, the receiver becomes an officer or arm of the court and any wilfull interference with the performance of the duties of the receiver or a wilful disobedience to the demand of a receiver in the discharge of his duties as set forth in the order appointing him, is a direct contempt resulting in the interference with the court's administration of the *res.* R. S. 1919, sec. 1449; Colburn v. Yantis, 176 Mo.

683, Neun v. Blackstone B. & L. Assn., 149 Mo. 80; Wess-. woe v. Simpson, 14 Howard 52; In re Tyler, 149 U. S. 164; Porter v. Sabin, 149 U. S. 480; Stark v. Grimes, 88 Mo. App. 409; Abramsky v. Abramsky, 261 Mo. 125; Ex Parte Crenshaw, 80 Mo. 447. (5) Respondent was committed after a full and complete hearing on a citation requiring him to appear specifically to show cause why he should not be punished for contempt; he had his day in court, and was given full opportunity to show to the court that he was not in contempt. (6) The writ should not be sustained because under the order of commitment, the petitioner can free himself from restraint by complying with the court's order. In re Norritt, 117 Fed. Rep. 451; Limerich v. Rebach, 204 Mo. App. 325. Contempts are of two kinds. Civil or Criminal. Punishment for a civil contempt is in its nature a species of execution whereby the refusal to obey a lawful order is enforced, and criminal in the nature of a fine or penalty as a punishment for the doing of or failure to do an act prohibited or commanded to be done, and a fine or penalty is inflicted as a punishment. The petitioner in this case is guilty of a civil contempt and he was committed for failure to obey and perform a lawful order. Limerich v. Rebach, 204 Mo. App. 324; Fielder v. Const. Co., 162 Mo. App. 528. (8) The title to the *res* is not and cannot be in issue in this proceeding; irrespective of who is seized of the premises, the court can take it into custody through the instrumentality of its receiver, administer it through the same channel, and hold it for the use and benefit of the parties ultimately found entitled thereto. Stark v. Grimes, 88 Mo. App. 409.

DAUES, J.—This is an original proceeding. The petitioner, Charles L. Devoy, presented his application for writ of *habeas corpus* to a member of this court in vacation, alleging in his petition that he was unlawfully imprisoned and restrained of his liberty by the sheriff of the city of St. Louis. The writ was granted as prayed and made returnable to this court. In due time the sher-

iff made return, whereupon petitioner filed a reply which is in the nature of a demurrer to the return. This calls for our judgment on the pleadings.

The pertinent facts, as gathered from the record, are as follows:

Maria Devoy died in the city of St. Louis in December, 1920. She left certain property, among which is a parcel of real estate located in the city of St. Louis. This petitioner is a son of said Maria Devoy, and resides in this property, same being a three-story dwelling house known as and numbered 5837 Cates avenue. This was the homestead of the Devoys. Immediately upon the death of Mrs. Devoy an instrument purporting to be the last will and testament of said Maria Devoy was filed in the probate court of the city of St. Louis. In this purported will Mrs. Devoy bequeathed practically all of her property, including this family residence, to a daughter, Mrs. Cartwright.

Petitioner thereupon filed in the circuit court of the city of St. Louis a suit to contest the will, the petitioner having remained in possession of the property after his mother's death. It seems that there are five heirs, and in the absence of the will, each holding a one-fifth interest in said estate.

On March 27, 1921, the day after the said will contest suit was filed, the probate court appointed an administrator *pendente lite* of the estate of Maria Devoy. Said administrator *pendente lite* duly qualified and is still acting as such.

On July 5, 1921, Mrs. Cartwright, sister of the petitioner, filed an application with the Judge of the circuit court in said will contest suit, asking for a receiver to take charge of said residence and real property. Within a few days thereafter the circuit court appointed a receiver, with directions to take charge of said real estate, to keep and preserve same from waste and deterioration.

It appears that petitioner prayed an appeal from said order appointing said receiver but has furnished no

*supersedeas* bond.   Thereafter the receiver, under the
order of the court, demanded that petitioner vacate said
property and that he surrender possession of said resi-
dence to the receiver.   Petitioner declined to surrender
possession.

Thereupon, on October 7, 1921, the Judge of said cir-
cuit court issued a citation to petitioner to appear and
show cause why he should not be held for contempt in
failing to give possession of said real estate to the re-
ceiver.   Thereafter, to-wit on October 17, 1921, after a
hearing, petitioner and his counsel being present, the
Judge of said circuit court held petitioner to be in con-
tempt for failing to deliver possession of said property,
as aforesaid, and the petitioner was ordered committed
until such order was complied with and possession of
said property delivered to the receiver.

The petition before us incorporates the order of
commitment, which seems to be a copy of the judgment
of contempt.   This recites that, after a hearing, a re-
ceiver was appointed to take charge of the property
above referred to, to-wit a residence at 5837 Cates ave-
nue, with full power to take exclusive possession of same
in order to prevent waste and deterioration of same and
to collect rents therefrom.   The receiver gave bond, and
thereupon attempted to take possession of said property
by demanding same from petitioner, and that petitioner
refused to give possession of said property to the receiv-
er; that petitioner was cited to appear before the circuit
judge, and upon such appearance, in person and by coun-
sel, and after a hearing, the court found that demand had
been made by the receiver of the petitioner for this prop-
erty, and that this petitioner refused to turn over pos-
session to such receiver, and that thereupon the court
found that Charles L. Devoy, the petitioner, was guilty
of contempt of the circuit court, in that he wilfully of-
fered resistence to the lawful order and process of that
court by refusing to deliver possession of the premises
hereinbefore described to the receiver.

A recital follows that the court then sentenced the
prisoner to jail for and during the time and period that

petitioner shall continue to refuse to deliver possession of the property to the receiver.

The return of the sheriff, as amended, is to the effect that custody of the person of petitioner was taken by the sheriff (respondent) under and pursuant to a lawful order committing petitioner, he having been convicted for contempt in wilfully disobeying a lawful order of the circuit court in a cause of which the judge of the circuit court had jurisdiction of the subject-matter and of the parties thereto.

It is the law of this State that one imprisoned for contempt for violating an order which the court had no authority to make, may be released on *habeas corpus* [In re Heffron, 179 Mo. App. 639, 162 S. W. 652.]

In Ex parte Creasy, 243 Mo. 679, 148 S. W. 914, our Supreme Court established the proposition that the judgment of the circuit court committing a person for contempt is not conclusive upon the facts, but that such facts may be inquired into in the court out of which the writ of *habeas corpus* issues.

And such court is not limited in such proceeding to an inquiry as to the convicting court's jurisdiction, but if the truth of the findings upon which the judgment is based is denied in petitioner's reply to the return, or in some other appropriate manner, inquiry may be made in regard thereto. [See in re Howell and Ewing, 273 Mo. l. c. 110, 200 S. W. 65; Ex parte Holliway, 272 Mo. l. c. 119, 199 S. W. 412.] But petitioner raises no such questions here. Counsel for petitioner in his argument of the case suggested that no question was present involving the propriety of the appointment of the receiver, nor are the facts in the contempt proceedings in anywise in dispute.

In the very recent case of State ex rel. Mueller v. Wurdeman, 232 S. W. 1002, the Supreme Court decided that under certain facts and circumstances the circuit court, in the exercise of its equity jurisdiction, has power to appoint a receiver to take charge of real estate of a deceased to prevent waste and to collect rents and profits therefrom during the time a will contest suit is pending

involving such property. Therefore, it appears clear that under certain circumstances a court of equity may, during the pendency of a will contest suit, turn over the real estate involved to a receiver so that same may not be wasted or deteriorated, and so that the rents may be collected and properly accounted for to the parties finally found to be entitled thereto.

The title to the real estate is not an issue in this proceeding, and irrespective of who is seized of the premises, a court of equity may under a proper showing appoint a receiver to hold such property for the use and benefit of the parties ultimately found entitled thereto. [Stark v. Grimes, 88 Mo. App. l. c. 412-413.]

Somewhat analogous is the case of Tinsely v. Anderson, 171 U. S. 101, wherein it is held that the refusal to obey an order to turn over corporate property to the receiver is a contempt, although the person in possession of the property claims a lien thereon.

A receiver is appointed by the court to hold property which is the subject of or which is involved in litigation when it appears to the court that such property should not remain in the possession of one of the litigants. [Tardy's Smith on Receivers, (2 Ed.), Vol. 1, p. 23, (secs. 6-7)].

A receiver is an indifferent person appointed to receive and protect the property in litigation *pendente lite*. [State ex rel. v. Ross, 122 Mo. 435, 25 S. W. 947; St. L. Railway Co. v. Holladay, 131 Mo. 440, 33 S. W. 49.] Many other cases might be cited to the same effect.

No further discussion, however, is necessary, since it is settled in this State that a court of equity under proper showing may appoint a receiver and direct that such receiver take possession of real estate which is involved in a will contest. Nor do we find any authority in this State sustaining the insistence of the petitioner that the receiver under the order of the court has no right to take this real estate as against the possession of petitioner except by ejectment. Counsel for petitioner cites the single Missouri case of Rees v. Andrews, 169 Mo. l. c. 192, 69 S.

W. 4, to support this contention. That case, as we under-stand it, has no influence on the proposition presented here.

It follows that if the appointment of a receiver under certain circumstances is justified to take immediate steps to hold and preserve the property from waste, such receiver may take such property under the order of the court and is not required to bring a suit in ejectment. And this is so, even though petitioner claims the right to such property during the pendency of the will contest suit. [See State ex rel. Mueller v. Wurdeman, supra.]

The receiver becomes an officer or arm of the court, and any wilful interference with the performance of the duties of the receiver, or wilful disobedience of the demand of the receiver in the discharge of his duties as set forth in the order appointing him is a direct contempt resulting in the interference with the court's administration of the res, R. S. 1919, sec. 1449; Colburn v. Gantis, 176 Mo. 683, 75 S. W. 653; Neun v. Blackstone B. & L. Assn, 149 Mo. 80, 50 S. W. 436; Stark v. Grimes, 88 Mo. App. 412-413; Abramsky v. Abramsky, 261 Mo. 125-126, 168 S. W. 1178; Ex parte Crenshaw, 80 Mo. 447.]

Said the Supreme Court in the Colburn case, supra: "It is the law that when property is in the possession or custody of the court, through the instrumentality of a receiver, the court will not permit anyone, even one claiming under a title paramount to that of either party litigant, to interfere with it."

It appears that the petitioner had a full and complete hearing on the citation requiring him to appear specifically to show cause why he should not be punished for contempt. He had full opportunity to show to the court that he was not in contempt. No issue is raised by the petitioner except that the receiver as a matter of law could not take possession of this real estate from the petitioner; no issue was made as to the facts found by the circuit court as warranting the appointment of the receiver.

Petitioner relies entirely upon the proposition that the receiver as such had no authority to take possession

in a summary manner of this property from the petition-
er during the suspension of the will. In 23 Ruling Case
Law, secs. 66-67, we find a clear discussion of the law in
this particular. It is there pointed out that as a general
rule a receiver cannot through summary proceedings
take into custody property found in the possession of
strangers to the record claiming adversely, for the reason
that the receiver stands in the place of, and has no great-
er rights, than the party over whose property he has been
appointed receiver; that everyone is entitled to his day
in court; and that summary proceedings are not suitable
to try conflicting claims to title. But, says this same au-
thorative work:

"While as just stated, a receiver cannot ordinarily
by summary methods take possession of property held
adversely by a stranger to the suit, a different rule pre-
vails where the stranger holds merely as trustee or agent,
and does not claim an adverse interest. In the latter in-
stance it is generally held that the receiver can recover
possession by summary proceedings. So when the pos-
session is withheld by persons who are parties to the
suit, or by others claiming under such parties, with notice
of the appointment of the receiver, there can be no ques-
tion as to the authority of the court to interfere in a sum-
mary way, and enforce its order for the surrender of the
property by attachment or by a writ of possession."

Petitioner having been a party to the receivership
proceedings, it follows that the court on a proper showing
had authority to order the receiver to take summary pos-
session of the property to preserve same from waste and
collect the rents.

As already pointed out, the sufficiency of the judg-
ment and order of commitment is not challenged and the
receivership proceedings is not questioned here by peti-
tioner. The commitment recites facts warranting the
court to make the particular order made, adjudging peti-
tioner guilty of contempt and committing him until he
complies with the order of the court. As required by
statute, the commitment charges the particular circum-

stances of petitioner's offense, and the contempt is plainly and specially charged in the commitment by a court having authority to commit for a contempt so charged. We have given petitioner the benefit of the rules applying to criminal contempt, in so far as they relate to procedure in such cases, and no intendments or presumptions are indulged in against his restraint.

It appears from the record that petitioner has wilfully refused to obey the lawful order of the court. Accordingly, we are constrained to hold that the writ should be denied and the petitioner remanded. It is so ordered. *Allen, P. J.,* and *Becker, J.,* concur.