[Civ. No. 19421. Fourth Dist., Div. Two. Mar. 13, 1978.]

WESLEY J. KINDER, as Insurance Commissioner, etc.,
Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY,
Respondent;
MARKET INSURANCE CORPORATION,
Real Party in Interest.

## COUNSEL

Evelle J. Younger, Attorney General, and Raymond B. Jue, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Bernstein, Vallette & Contos and Kent Leeds Vallette for Real Party in Interest.

## OPINION

**TAMURA, J.**—This original proceeding presents the question whether the State Insurance Commissioner (commissioner), as liquidator of an insolvent insurance company, may utilize an order to show cause procedure to recover from an agent of the insolvent company sums allegedly due under agency contracts.

The background of this proceeding is as follows:

Pursuant to the commissioner's application under Insurance Code section 1016,[1] the Superior Court of Orange County directed the commissioner to liquidate and to wind up the affairs of Westgate-California Insurance Company (Westgate) and authorized him to "initiate such equitable or legal actions or proceedings ... as may appear to him necessary to carry out his functions as Liquidator."

---

[1] Unless otherwise indicated, all statutory references are to the Insurance Code.

The commissioner filed a verified application in the liquidation proceeding for an order to show cause why Market Insurance Corporation (Market), real party in interest herein, should not pay sums totaling $39,022 allegedly due Westgate under the terms of four written agency contracts between Westgate and Market. An order to show cause was issued and served on Market.

Following a stipulated continuance of the hearing on the order to show cause, Market filed various motions and a demurrer to test the propriety of the show cause procedure to resolve the controversy in question. The court granted the motions, except the motion to quash, sustained the demurrer without leave to amend, and entered judgment dismissing the order to show cause without prejudice to the commissioner's right to proceed against Market by an independent action.

The commissioner filed the instant original proceeding to compel the superior court to vacate its judgment of dismissal and to hear the order to show cause on its merits. We issued an alternative writ and order to show cause.

The commissioner contends the Insurance Code confers jurisdiction upon the liquidation court to adjudicate the controversy between the commissioner and Market by an order to show cause procedure. Market concedes that the Orange County Superior Court has jurisdiction to hear and determine the merits of the dispute, but contends that mandamus will not lie to compel the court to hear the order to show cause on its merits because (1) the commissioner has an adequate remedy by way of an appeal from the judgment dismissing the order to show cause and (2) litigation of the controversy by an order to show cause procedure is neither authorized by statute nor sanctioned by decisional law and, moreover, will deprive Market of its procedural due process rights, including a right to a jury trial, which would be available in an independent action.

From the ensuing analysis, we have concluded that mandamus is an appropriate means of securing appellate review of the trial court's action dismissing the order to show cause. It is our further conclusion, however, that there is no statutory or decisional authority for the use of the summary show cause procedure to resolve the dispute between the commissioner and Market.

I

■ Market's contention that mandamus is inappropriate because the commissioner could have appealed from the judgment lacks merit.

The fact that the judgment dismissing the order to show cause was appealable (see *Gibson* v. *Savings & Loan Commissioner*, 6 Cal.App.3d 269, 271 [85 Cal.Rptr. 799]; *Caminetti* v. *Imperial etc. Life Ins. Co.*, 54 Cal.App.2d 514, 516-517 [129 P.2d 432]) does not preclude its review by mandamus. Mandamus lies not only where the refusal of a court to exercise its jurisdiction consists of mere inaction (*Lissner* v. *Superior Court*, 23 Cal.2d 711, 718 [146 P.2d 232]), but also where the court has disposed of a matter by dismissing it on the sole ground of lack of jurisdiction to proceed (*Robinson* v. *Superior Court*, 35 Cal.2d 379, 383-384 [218 P.2d 10]). As Mr. Witkin observes: "[T]o grant mandamus in the first situation and deny it in the second would establish a confusing difference in procedure to compel the same kind of act." (5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 105, p. 3880.)

II

■ On the merits, the commissioner contends the order to show cause procedure initiated by him is authorized by statute and approved by *Maloney* v. *Rhode Island Ins. Co.*, 115 Cal.App.2d 238 [251 P.2d 1027]. We are unpersuaded.

The commissioner's argument is based primarily on his statutory powers as a liquidator and the jurisdiction the Legislature has vested in the liquidation court. The conservatorship and liquidation provisions of the Insurance Code were revised and codified in 1935. (§ 1010 et seq.; *Maloney* v. *Rhode Island Ins. Co., supra,* 115 Cal.App.2d 238, 248.) In recognition of the fact that the insurance business is one which vitally affects the public interest, the Legislature set up a comprehensive scheme for the rehabilitation or liquidation of a financially troubled insurance company and conferred upon the commissioner broad powers and duties to administer the affairs of such companies for the benefit of creditors, policyholders, and the public. (*Carpenter* v. *Pacific Mut. Life Ins. Co.*, 10 Cal.2d 307, 327 [74 P.2d 761]; *Garris* v. *Carpenter*, 33 Cal.App.2d 649, 654-655 [92 P.2d 688].) Specifically, the commissioner refers us to his power and duty to collect all debts and claims belonging to the insolvent company and for that purpose to "prosecute and defend any and all suits and other legal proceedings." (§ 1037, subds. (b), (f).)

The commissioner also directs our attention to section 1058 which confers upon the court in which the liquidation proceeding is pending "jurisdiction to hear and determine, in such proceeding, all actions or proceedings then pending or thereafter instituted by or against the person affected by a proceeding under this article."

The commissioner argues that his statutory authority to "prosecute . . . any and all suits and other *legal proceedings*" (§ 1037, subd. (f), italics supplied), coupled with the provision conferring on the liquidation court jurisdiction to hear and determine "all actions or *proceedings*" (§ 1058, italics supplied), provides the necessary legislative authority for the order to show cause procedure to enforce collection of the alleged indebtedness from Market.

The power to prosecute "legal proceedings," as distinguished from "suits" or "actions," cannot be construed as an authorization to proceed by an order to show cause to recover any and all claims and debts; the general power to "prosecute and defend any and all suits and other legal proceedings" merely permits the commissioner to prosecute such "suits" and "legal proceedings" as are otherwise proper.

Nor does section 1058 confer on the commissioner the power to collect any and all claims by the summary procedure. The legislative history of that section reveals that as enacted in 1935, it provided: "In any proceeding pending under the provisions of this article, the court in which such proceeding is pending shall have jurisdiction *to summarily hear and determine,* in such proceeding, all actions or proceedings then pending or thereafter instituted by or against the person affected by a proceeding under this article." (§ 1058, added by Stats. 1935, ch. 291, p. 1008, amended by Stats. 1939, ch. 934, § 6, p. 2634, italics supplied.) In 1939, the section was amended by changing the phrase "to summarily hear and determine" to read "to hear and determine." (Stats. 1939, ch. 934, § 6, p. 2634.) Deletion of the word "summarily" indicates that the Legislature did not intend to confer upon the liquidation court the power to utilize a summary procedure for the resolution of any and all disputes between the insolvent company and others.

Thus, as the court correctly observed in *Maloney* v. *Rhode Island Ins. Co., supra,* 115 Cal.App.2d 238, 249: "[B]y express statutory provision, the conservatorship court has general jurisdiction over even third parties to determine questions relating to the claims of the insolvent insurance company which has been taken over by the insurance commissioner,"

but "that does not entirely determine the issue" whether in a given case the commissioner may utilize the order to show cause procedure to enforce a claim.

In *Maloney,* an insurance broker procured an insurance policy for one of his clients, delivered the policy, and received the full premium. (*Id.,* at p. 239.) The client later requested the broker to cancel the policy, to deliver the earned premium to the commissioner as conservator of the insurance company, and to return the balance to the client. (*Id.*) Despite the commissioner's direction to pay over the entire premium, the broker returned the unearned premium to the client. (*Id.*) Pursuant to an order to show cause proceeding instituted by the commissioner, the broker was ordered to pay the full premium, less the broker's commission, to the commissioner. (*Id.*) On an appeal by the broker, one of the issues raised was whether the order to show cause procedure was an appropriate means of collecting the claim. (*Id.,* at p. 249.)

The reviewing court upheld the summary procedure, reasoning that the premium paid to the broker was an asset of the company which, because of the agency relationship, was "constructively in the possession of [the insurance company]." (*Id.,* at p. 251.) The court held that the agent had a fiduciary duty to remit to the insurance company the premium collected and that when it breached that fiduciary duty by returning part of the premium to the client, the agent could be held accountable in a summary proceeding for disposing of the asset. (*Id.*) The reviewing court's decision was, as it noted, in accord with the settled principle that in marshalling the assets of an insolvent person, a receivership court has the power to proceed summarily to recover assets in the constructive possession of the receiver. (*Id.*)

While an agency relationship existed between Westgate and Market, the commissioner's claim is not for the recovery of monies belonging to Westgate, either withheld by the agent or unlawfully turned over to someone else in violation of the agent's fiduciary obligation to his principal. Rather, the commissioner's claim is for an unliquidated and disputed debt alleged to be due under the formulae prescribed in the agency contracts for the computation of the amount of compensation to which Market was entitled. The instant case, thus, does not involve an attempt to recover monies in the constructive possession of Westgate, nor an attempt to hold Market liable for a breach of fiduciary duty owed to

Westgate, as was the circumstance in *Maloney* (*id.,* at p. 250). The commissioner's reliance upon *Maloney* is misplaced.

The commissioner has cited no other authority, and we have found none, in support of his position. The equitable power of a receivership court to use its summary process to marshal assets of an insolvent estate should not be extended to the recovery of the instant claim. (See generally *Ex parte Devoy,* 208 Mo.App. 550 [236 S.W. 1070, 1073]; *Ex parte Britton,* 127 Tex. 85 [92 S.W.2d 224, 227]; *Ex parte Renfro,* 115 Tex. 82 [273 S.W. 813, 814].) The summary process would deprive Market of important rights to which it would be entitled in an independent action. Among them are the right to a jury trial and, in a trial without a jury, the right to findings of fact and conclusions of law. ■ A jury trial cannot be demanded as a matter of right in a special proceeding unless it is expressly made available by statute. (*Taliaferro* v. *Hoogs,* 236 Cal.App.2d 521, 529 [46 Cal.Rptr. 147].) The liquidation statute makes no provision for a jury trial in a proceeding had thereunder. Although the commissioner says that he is at all times willing to have a jury trial, unless the statute so provides, the decision whether or not a jury trial should be provided rests in the sound discretion of the trial court. Nor are findings required in a special proceeding unless the statute so provides. (*Id.,* at p. 530.) ■ Proceedings under the liquidation provisions of the Insurance Code are special proceedings and findings are not required. (*Carpenter* v. *Pacific Mut. Life Ins. Co., supra,* 10 Cal.2d 307, 327-328.)

The commissioner argues that the order to show cause procedure would not deprive Market of the right to a jury trial, right to discovery, and other procedural rights incident to a civil action because he would stipulate that those rights be accorded Market. In light of those concessions, the commissioner's policy argument that he should be permitted to use the summary procedure because it would be more expeditious and economical than an independent action has a hollow ring. If the commissioner is willing to stipulate that Market shall have all the procedural rights available in an independent action, we fail to see how the order to show cause procedure would be speedier and more economical than an independent action.

Although the Orange County Superior Court in which the liquidation proceeding is pending has jurisdiction to resolve the controversy between

the commissioner and Market, the order to show cause procedure is not the appropriate means of litigating the dispute.

The order to show cause is discharged and the petition is denied.

Gardner, P. J., and Kaufman, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 11, 1978.