[Civ. No. 56362. Second Dist., Div. Two. Nov. 14, 1979.]

HARRIET MAGALNICK, Plaintiff and Respondent, v.
DAVID MAGALNICK, Defendant and Appellant.

COUNSEL

James D. Endman for Defendant and Appellant.

Martin Radoff for Plaintiff and Respondent.

OPINION

ROTH, P. J.—On April 25, 1978, respondent filed in Los Angeles Superior Court her application for entry of judgment on sister state judgment[1] pursuant to Code of Civil Procedure section 1710.15[2] and

[1] The sister state judgment was one in the amount of $5,550 representing alimony, child support arrearages and costs.

[2] The section provides in part: "(a) A judgment creditor may apply for the entry of a judgment based on a sister state judgment by filing an application with the superior court for the county designated by Section 1710.20. (b) The application shall be executed under oath and shall include all of the following: (1) A statement that an action in this state on the sister state judgment is not barred by the applicable statute of limitations. (2) A statement, based on the applicant's information and belief, that no stay of enforcement of the sister state judgment is currently in effect in the sister state. (3) A statement of the amount remaining unpaid under the sister state judgment.... (4) A statement that no action based on the sister state judgment is currently pending in any court in this state and that no judgment based on the sister state judgment has previously been entered in any proceeding in this state. (5) Where the judgment debtor is an individual, a statement setting forth the name and last known residence address of the judgment debtor....(6) A statement setting forth the name and address of the judgment creditor. (c) A properly authenticated copy of the sister state judgment shall be attached to the application."

judgment was entered thereon by the clerk[3] on May 3 the same year. Though notice thereof was not served on appellant as required by Code of Civil Procedure section 1710.30, subdivision (a),[4] he nevertheless on October 23, 1978, filed his motion to vacate the judgment thus entered, based on the grounds of such lack of notice and his assertion personal jurisdiction supported the sister state determination. Following the unreported hearing on the motion, it was denied by minute order dated November 9, 1978, as was appellant's request for findings of fact and conclusions of law.

On his appeal from that order appellant contends:

1.   In failing to provide for notice and hearing prior to entry of the sister state judgment by the clerk, chapter 1 of title 11, part 3 of the Code of Civil Procedure (§§ 1710.10-1710.65) is unconstitutional in that it denies appellant due process of law;

2.   Failure by respondent to supply the notice called for by Code of Civil Procedure section 1710.30 results in a similar denial of due process; and

3.   The sister state judgment, having been procured without personal jurisdiction obtained over appellant, is void as is the California judgment predicated on it.

■   In support of the first of these contentions appellant relies upon the recent decisions in *Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61 [145 Cal.Rptr. 368, 577 P.2d 188] and *County of Ventura* v. *Castro* (1979) 93 Cal.App.3d 462 [156 Cal.Rptr. 66]. Briefly, those cases, respectively, held unconstitutional the confession of judgment procedure

---

[3]Entry was made pursuant to Code of Civil Procedure section 1710.25 which provides: "(a) Upon the filing of the application, the clerk shall enter a judgment based upon the application for the total of the following amounts as shown therein: (1) The amount remaining unpaid under the sister state judgment. (2) The amount of interest accrued on the sister state judgment (computed at the rate of interest applicable to the judgment under the law of the sister state, but not at a rate in excess of 7 percent per annum). (3) The amount of the fee for filing the application for entry of the sister state judgment. (b) Entry shall be made in the same manner as entry of a judgment of the superior court. From the time of entry, interest shall accrue on the judgment so entered at the rate of 7 percent per annum."

[4]"(a) Notice of entry of judgment shall be served promptly by the judgment creditor upon the judgment debtor in the manner provided for service of summons by Article 3 (commencing with Section 415.10) of Chapter 4 of Title 5 of Part 2. Notice shall be in a form prescribed by the Judicial Council and shall inform the judgment debtor that he has 30 days within which to make a motion to vacate the judgment."

then set out in Code of Civil Procedure sections 1132-1134 and a similar agreement for entry of judgment as authorized by Welfare and Institutions Code section 11476.1. In both instances, the merits of the underlying matter giving rise to the confession or agreement was determined solely upon the strength of the confession or agreement, without notice to or opportunity by the person so giving permission to be heard at a judicially supervised adjudication wherein the question of the validity of a waiver of constitutional rights could be tested. In the matter at bench, of course, the basic issues of the controversy from which the judgment stemmed and which gave rise to initiation of the procedure contemplated by Code of Civil Procedure section 1710.10 et seq. have already been litigated in proceedings wherein, as we shall later discuss, appellant was accorded notice and an opportunity to be heard and where what remains is enforcement of the judgment, albeit rendered in another jurisdiction.

Assuming, as we do, that this difference does not create a meaningful distinction respecting the question posed, since execution constitutes the ultimate step in deprivation of a party's property, we are nevertheless of the view due process safeguards sufficient to the purpose of the sort which were lacking in *Isbell* and *Castro* are present here. Thus, while it is true the clerk of the court is required to enter judgment merely upon the filing of an application therefor under Code of Civil Procedure sections 1710.15 and 1710.25 (see fns. 2, 3), no writ of execution generally may issue until the judgment creditor has served upon his debtor a notice of entry of the judgment,[5] which service itself likewise affords the

---

[5]The proposition and its limited exceptions are set out in Code of Civil Procedure section 1710.45 as follows: "(a) Except as otherwise provided in this section, a writ of execution on a judgment entered pursuant to this chapter shall not issue until at least 30 days after the judgment creditor serves notice of entry of the judgment upon the judgment debtor, proof of which has been made in the manner provided by Article 5 (commencing with Section 417.10) of Chapter 4 of Title 5 of Part 2. (b) A writ of execution may be issued before service of the notice of entry of judgment if the judgment debtor is any of the following: (1) An individual who does not reside in this state. (2) A foreign corporation not qualified to do business in this state under the provisions of Chapter 21 (commencing with Section 2100) of Division 1 of Title 1 of the Corporations Code. (3) A foreign partnership which has not filed a statement pursuant to Section 15700 of the Corporations Code designating an agent for service of process. (c) The court may order that a writ of execution be issued before service of the notice of entry of judgment if the court finds upon an ex parte showing that great or irreparable injury would result to the judgment creditor if issuance of the writ were delayed as provided in subdivision (a). (d) Property levied upon pursuant to a writ issued under subdivision (b) or (c) shall not be sold or distributed before 30 days after the judgment creditor serves notice of entry of the judgment upon the judgment debtor, proof of which has been made in the manner provided by Article 5 (commencing with Section

debtor an opportunity to move for the judgment's vacation.[6] Accordingly, under no circumstances may property of the debtor be taken from him until such time as he has been able to establish, if he can, any of those defenses which remain available to him in the litigation.[7] In this there is no constitutional infirmity.

Those defenses common against enforcement of a sister state judgment, according to the Law Revision Commission include: "...the judgment is not final and unconditional (where finality means that no further action by the court rendering the judgment is necessary to resolve the matter litigated); the judgment was obtained by extrinsic fraud; the judgment was rendered in excess of jurisdiction; the judgment was not enforceable in the state of rendition; the plaintiff is guilty of misconduct; the judgment has already been paid; suit on the judgment is barred by the statute of limitations in the state where enforcement is sought."

417.10) of Chapter 4 of Title 5 of Part 2. However, if property levied upon is perishable, it may be sold in order to prevent its destruction or loss of value, but the proceeds of the sale shall not be distributed to the judgment creditor before the date sale of non-perishable property is permissible."

[6]Code of Civil Procedure section 1710.40 provides: "(a)   A judgment entered pursuant to this chapter may be vacated on any ground which would be a defense to an action in this state on the sister state judgment, including the ground that the amount of interest accrued on the sister state judgment and included in the judgment entered pursuant to this chapter is incorrect. (b)   Not later than 30 days after service of notice of entry of judgment pursuant to Section 1710.30, proof of which has been made in the manner provided by Article 5 (commencing with Section 417.10) of Chapter 4 of Title 5 of Part 2, the judgment debtor, on written notice to the judgment creditor, may make a motion to vacate the judgment under this section. (c)   Upon the hearing of the motion to vacate the judgment under this section, the judgment may be vacated upon any ground provided in subdivision (a) and another and different judgment entered, including, but not limited to, another and different judgment for the judgment creditor if the decision of the court is that the judgment creditor is entitled to such different judgment. The decision of the court on the motion to vacate the judgment shall be given and filed with the clerk of court in the manner provided in Sections 632, 634, and 635, except that the court is not required to make any written findings and conclusions if the amount of the judgment as entered under Section 1710.25 does not exceed one thousand dollars ($1,000)."

[7]Code of Civil Procedure section 1710.50, providing for stay of enforcement, specifies in part: "(a) The court shall grant a stay of enforcement where: (1) An appeal from the sister state judgment is pending or may be taken in the state which originally rendered the judgment. Under this paragraph, enforcement shall be stayed until the proceedings on appeal have been concluded or the time for appeal has expired. (2) A stay of enforcement of the sister state judgment has been granted in the sister state. Under this paragraph, enforcement shall be stayed until the sister state stay of enforcement expires or is vacated. (3) The judgment debtor has made a motion to vacate pursuant to Section 1710.40. Under this paragraph, enforcement shall be stayed until the judgment debtor's motion to vacate is determined. (4) Any other circumstance exists where the interests of justice require a stay of enforcement...."

Stated another way, we find no valid constitutional objection inherent in the creation of a procedure to enter a California judgment based on that of a sister state, when before the proposed California judgment is effective through execution to divest a judgment debtor of any assets, the judgment debtor is afforded the right to nullify its effect in this state in the same fashion which could be resorted to by him where the judgment creditor files an action in this state upon the sister state judgment to establish it.[8]

■ Appellant's second contention, which we understand as suggesting that respondent's noncompliance with the notice requirement of Code of Civil Procedure section 1710.30 invalidates the entry of the California judgment, is likewise without merit and is disposed of by the holding, applicable here, articulated in *Epps* v. *Russell* (1976) 62 Cal. App.3d 201 [133 Cal.Rptr. 30]: "(3) Defendant contends that the order, can be supported on the alternative ground that the notice of entry was 'not promptly served.' We reject that contention for two reasons: (1) Subdivision (a) of section 1710.40, quoted above, sets forth the only statutory ground for a motion to vacate. Delay of service is not therein set forth. (2) . . . defendant relies only on the period of delay without suggesting any prejudice to him. Defendant's time to move to vacate ran from the date of service of the notice, not from the date of entry. On the facts before us, any implied finding of undue delay is without support in the evidence." (*Id.*, at p. 205.)

■ Finally, appellant contends the sister state judgment herein is void for lack of personal jurisdiction and therefore cannot support the California judgment which relies on it. That assertion, justifiably made by appellant on his motion to vacate (see fns. 6, 7), was nevertheless apparently rejected by the trial court, as evidenced by its order denying the motion. The difficulty is, as also noted above, no findings of fact and conclusions of law, though requested by appellant, were made in aid of that order and it is clear such were required. (Code Civ. Proc., § 1710.40; see *Kinder* v. *Superior Court* (1978) 78 Cal.App.3d 574, 581 [144 Cal.Rptr. 291].) Ordinarily, the trial court's omission in this regard requires reversal. (See *Covina-Azusa Fire Fighters Union* v. *City of Azusa* (1978) 81 Cal.App.3d 48, 57 [146 Cal.Rptr. 155]; *Ma-*

[8]Code of Civil Procedure section 1710.60 is clear in permitting either alternative. In the instance where the summary procedure of section 1710.10 et seq. is not availed of, of course, the debtor participates as a party defendant in the same manner as he would in any comparable personal or quasi in rem action first initiated here. (See generally 30 Cal.Jur.3d, Enforcement of Judgments, §§ 272-279.)

*tanky* v. *Board of Medical Examiners* (1978) 79 Cal.App.3d 293, 301 [144 Cal.Rptr. 826].) Here, however, having taken judicial notice upon respondent's request and agreeably with the requirements of Evidence Code section 459, 455[9] of the proceedings conducted in the sister state action which occasioned that which is the subject of this appeal, and being persuaded that they demonstrate conclusively appellant's voluntary appearance and participation therein,[10] we conclude based upon the entire record and the reasoning set out hereinbefore, the trial court's erroneous omission to make findings and conclusions was without prejudice to appellant, since under no circumstances could such findings and conclusions have been favorable to him. (*Newby* v. *Alto Riviera Apartments* (1976) 60 Cal.App.3d 288, 305 [131 Cal.Rptr. 547].)

The order appealed from is affirmed.

Fleming, J., and Beach, J.

Appellant's petition for a hearing by the Supreme Court was denied January 8, 1980.

[9]The sections, respectively, provide in pertinent part: Section 459. "(a) The reviewing court shall take judicial notice of (1) each matter properly noticed by the trial court and (2) each matter that the trial court was required to notice under Section 451 or 453. The reviewing court may take judicial notice of any matter specified in Section 452. The reviewing court may take judicial notice of a matter in a tenor different from that noticed by the trial court.

"(c) When taking judicial notice under this section of a matter specified in Section 452 or in subdivision (f) of Section 451 that is of substantial consequence to the determination of the action, the reviewing court shall comply with the provisions of subdivision (a) of Section 455 if the matter was not theretofore judicially noticed in the action.

"(d) In determining the propriety of taking judicial notice of a matter specified in Section 452 or in subdivision (f) of Section 451 that is of substantial consequence to the determination of the action, or the tenor thereof, if the reviewing court resorts to any source of information not received in open court or not included in the record of the action, including the advice of persons learned in the subject matter, the reviewing court shall afford each party reasonable opportunity to meet such information before judicial notice of the matter may be taken. (Stats. 1965, ch. 299, § 459.)

"Section 455. "(a) If the trial court has been requested to take or has taken or proposes to take judicial notice of such matter, the court shall afford each party reasonable opportunity, before the jury is instructed or before the cause is submitted for decision by the court, to present to the court information relevant to (1) the propriety of taking judicial notice of the matter and (2) the tenor of the matter to be noticed."

[10]Appellant's initial appearance, in propria persona, consisted of his answer to respondent's temporary alimony, child support and counsel fees. He thereafter likewise responded by resisting in written form a contempt order to show cause for failure to comply with the temporary alimony awarded respondent on the earlier motion.