VIRGINIA B. HOLMES

*v.*

HENRY V. BEMIS.

*Filed at Ottawa May 9, 1888.*

1. CONFESSION OF JUDGMENT—*of the power—whether authorizing confession in favor of an assignee.* A wife gave her husband her promissory note, payable to him by name, which contained, in the usual form, a power of attorney to confess judgment thereon in case of default of payment. The power was to any attorney of any court of record to confess a judgment in favor of said H. (the husband) & Bro., or their assigns, upon said note. The husband having assigned the same as collateral security, judgment was confessed in favor of the holder, in his name, as assignee: *Held,* that the words "& Bro." would be treated as surplusage, and that the power authorized the confession of the judgment.

2. The fact that both the payee and his assigns are named in the power, shows that its benefit was intended for the assignee as much as the payee, and such being the case, it was a matter of no consequence whether the holder derived his title mediately or immediately from the payee.

3. SAME—*construction of such a power—the rule.* Where the retaining of a word in a power to confess a judgment upon a note would be to render the instrument meaningless, such word may be treated as surplusage. A

construction that would render the instrument meaningless, should be avoided, if it can be upon any reasonable hypothesis.   The instrument should, if possible, be so construed as to give effect to the presumed intention of the parties.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Superior Court of Cook county; the Hon. J. P. ALTGELD, Judge, presiding.

Messrs. ROBERTS, HUTCHINSON & THOMAS, for the appellant:

The authority to confess a judgment without process must be clear and explicit, and must be strictly pursued.   *Chase* v. *Dana,* 44 Ill. 262; *Bank* v. *St. John,* 5 Hill, 497; *Tucker* v. *Gill,* 61 Ill. 236; *Keith* v. *Kellogg,* 97 id. 147.

Messrs. BRADY & NORTHRUP, for the appellee:

The rule of construction should not be so rigid as to defeat the manifest intentions of the parties.   The whole instrument should be considered, and the instrument should be supported rather than defeated.   *Keith* v. *Kellogg,* 97 Ill. 151; 1 Parsons on Contracts, 501, 503; *Walker* v. *Tucker,* 70 Ill. 527.

In determining the intention of the parties, surplusage should be eliminated.   *Griffith* v. *Furry,* 30 Ill. 253.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On or about the 18th of April, 1885, Avery, Hillabrant & Co. discounted for Ira Holmes his promissory note for $5000, which was guaranteed by Henry V. Bemis.   Of the proceeds of the note, $2101.25 was applied to the payment of an existing indebtedness from Holmes to Avery, Hillabrant & Co., $1648.75 was placed to his credit with them on the joint account of Holmes and Bemis, and the remaining $1250 was paid to Holmes in cash.   At the time of this transaction, and as part of the same, Holmes assigned and turned over to Avery, Hillabrant & Co., as collateral security for the payment of the $5000 note, a certain other note, for the sum of $10,000, which

he held on his wife, Virginia B. Holmes, bearing date April 12, 1885, and payable to himself, one year after date. This note contained, in the usual form, a power of attorney to confess a judgment thereon in case default was made in its payment. Holmes having made default in the payment of the $5000 note, the same was paid by the guarantor, Henry V. Bemis, who, upon such payment, received from Avery, Hillabrant & Co., for his indemnity, the $10,000 collateral note above mentioned. On the 24th of February, 1887, Bemis caused a judgment by confession to be taken on said note, in the Superior Court of Cook county, in his name, as assignee, against the maker, Virginia B. Holmes, for the sum of $12,312.48. A motion was subsequently made by the defendant to vacate and set aside the judgment, which was heard upon affidavits on the 9th of March, 1887. The court denied the motion, but reduced the judgment to $3807.50, which order and judgment were affirmed by the Appellate Court for the First District, whence the case is brought to this court for review.

There is some controversy about the facts, but with that we have nothing to do. So far as this court is concerned, there is but one question presented by the record which we regard as worthy of notice, and that is, whether the confession of the judgment was warranted by the power of attorney in question. While the note itself is made payable to Ira Holmes alone, the power of attorney authorizes any attorney of any court of record to "confess a judgment in favor of the said *Holmes & Bro.*, or their assigns, upon said note," etc. The judgment, as just seen, was entered in the name of Bemis, assignee of the note, and not in the name of Holmes & Bro., or their assigns. Bemis derived his title through the payee, the only original source through which he could have clothed himself with the legal title and interest in the note, and it is clear that the benefits of the power were intended as much for the assignee of the note as the payee himself, for both are expressly named in the power. It would seem, therefore, a

matter of no consequence whether the holder acquired his title mediately or immediately from the payee. All the difficulty encountered in the construction of the power of attorney arises from adding the words "& Bro." after the expression "the said Holmes." Rejecting those words as surplusage, the whole difficulty at once vanishes. To retain them, without resort to extraneous proofs, would be to render that part of the instrument meaningless. A construction which leads to such a result should always be avoided, if it can be upon any reasonable hypothesis.

The instrument, as written, it will be observed, confers power to confess a judgment in favor of *"the said Holmes & Bro."* But the difficulty is, that "Holmes & Bro.," taken in its entirety as a single name or designation, has not been previously mentioned, and hence the expression "the said," which precedes and grammatically qualifies it, has really no application to it. Indeed, that is the only time or place the expression occurs in the whole instrument. The name Holmes, however, had occurred before, and the qualifying expression used would have well applied to it had it been used alone. Moreover, it would have given full force and effect to the power of attorney, as we must presume the parties to it intended. It is clear, therefore, that the only purpose or function which the additional words "& Bro." perform, is to introduce a repugnancy that obscures the sense of the instrument, and if given any effect at all, would defeat it altogether. We regard them, therefore, as redundant, useless words, having no legitimate connection with the other parts of the instrument, and for this reason we hold they should be rejected as surplusage. This construction gives effect to the instrument according to the presumed intention of the parties. That contended for by appellant would defeat it.

The judgment will be affirmed.

*Judgment affirmed.*