(108 N. W. 487.)

---

FREDERIK RASMUSSEN v. W. C. HAGLER.

Opinion filed June 20, 1906.

**Confession of Judgment Under Warrant of Attorney.**

1. A warrant of attorney to confess judgment without process must be clear and explicit, and must be strictly pursued.

**Same — Term of the Warrant Must Be Strictly Followed.**

2. A warrant of attorney to confess judgment in favor of a particular person, who is designated therein, gives no authority to confess judgment in favor of another person, and a judgment so rendered is without authority and jurisdiction, and is void.

**Quieting Title — Execution Sale on Void Judgment.**

3. It is *held*, in an action to determine adverse claims, that the trial court did not err in quieting plaintiff's title against the defendant, who purchased the premises at an execution sale on an alleged judgment by confession which was entered in favor of a person not within the terms of the confession.

Appeal from District Court, Wells county; *Burke, J.*

Action by Frederik Rasmussen against W. C. Hagler. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Scott Rex,* for appellant.

The confession is good under statute and authorities. Kendig v. Marble, 12 N. W. 584; Brown v. Barngrover, 47 N. W. 1082; Dullard v. Phelan, 50 N. W. 204; Briggs v. Yetzer, 72 N. W. 647; Atwater v. Bank, 48 N. W. 187.

The attack upon the judgment is collateral, and nothing short of a fatal jurisdictional defect appearing on the face of the record will avail defendant. XVII Enc. Law, 1042, note 6; Morse v. Presby, 25 N. H. 299, 303; Purcell v. Farm Land Co., 100 N. W. 700; Mach v. Blanchard (S. D.) 90 N. W. 1042; Nichols & Shepard Co. v. Paulson, 10 N. D. 440; State v. Cloudt, 84 S. W. 415.

The court having power to render judgment in the matter submitted, it matters not how irregular or erroneous the judgment may be. Purcell v. Farm Land Co., 100 N. W. 700, 702.

The confession of judgment may have been duly assigned by express consent of Pifer and the court will assume that competent proof was present, if necessary to sustain the judgment. Joy v. Elton, 83 N. W. 875, 881; Sacramento Bank v. Montgomery, 81 Pac. 138; Bush v. Hanson, 70 Ill. 480.

*S. E. Ellsworth,* for respondent.

A confession of judgment given by warrant of attorney to confess judgment, must be clear and explicit, and strictly pursued. Gardner v. Bunn, 23 N. E. 1072; Utah Nat. Bank v. Sears, 44 Pac. 832; Spencer v. Emerine, 21 N. E. 866; Weber v. Powers, 72 N. E. 1070; Howell v. Gilt Edge Mfg. Co., 46 N. W. 704; National Exchange Bank v. Wiley, 92 N. W. 582.

Where a reasonable question arises as to whether a judgment by confession was entered strictly in accordance with the terms of the confession it will be held null and void. Howell v. Gilt Edge Mfg. Co., 49 N. W. 704; Gardner v. Bunn, 23 N. E. 1072; Reid v. Southworth, 36 N. W. 866; Sloan v. Anderson, 25 N. W. 21; First Natl. Bank v. Cunningham, 48 Fed. 510; Weber v. Powers, 72 N. E. 1070.

It may be collaterally attacked. Weber v. Powers, supra; Utah Nat'l Bank v. Sears, 24 Pac. 832; Howell v. Gilt Edge Mfg. Co., supra; Gardner v. Bunn, supra; Reid v. Southworth, supra; Weber v. Powers, supra; National Exchange Bank v. Wiley, supra.

The defects in question affect the jurisdiction both as to person and subject matter and may be collaterally attacked. Thornilly v.

Prentice, 96 N. W. 728; Banking House v. Dukes, 97 N. W. 805; Aldrich v. Steen, 100 N. W. 311, 17 Am. & Eng. Enc. Law (2d Ed.) 1046, and cases there cited under note 2.

YOUNG, J. This is an action to determine adverse claims to certain real estate situated in Wells county, of which the plaintiff alleges he is the owner. The land in controversy was owned by one John Pifer on April 20, 1901, and he is the common source of the title and interest claimed by the parties to this action. The plaintiff holds under a warranty deed executed on October 26, 1901, by Pifer and wife, and recorded on the 29th of that month. The defendant's claim rests upon a purchase of the premises on April 5, 1904, at an execution sale under an alleged judgment in his favor and against John Pifer and wife, plaintiff's grantors. The judgment against the Pifers was for $905.49, and was entered in Mc-Henry county on July 26, 1900, upon their written confession dated September 30, 1890. On August 8, 1900, a transcript of the alleged judgment was filed in Wells county, where the land in question is situated. On February 20, 1904, an execution was issued from McHenry county, directed to the sheriff of Wells county, pursuant to which a levy was made and the premises were sold to the defendant as above stated. At the trial, counsel for plaintiff objected to the admission in evidence of all proof of the confession of judgment and judgment and all papers connected therewith, and to all subsequent proceedings, upon the ground that it appeared from the judgment roll that the court was without authority to enter judgment, and that it was entered without jurisdiction and is void upon its face. The case was tried under section 5630, Rev. Codes 1899 (section 7229, Rev. Codes 1905), and pursuant to the provisions of that section all evidence offered was received. The trial court found that the judgment was void, that defendant acquired no interest in the premises under his alleged purchase at the execution sale, and quieted title in the plaintiff. The defendant has appealed from the judgments, and demands a review of the entire case in this court.

The propriety of the judgment in this action depends upon the correctness of the conclusions of the trial court in reference to the defendant's judgment against the Pifers. His counsel contends that it is valid, or at least that it was rendered with jurisdiction, and is merely irregular, and is therefore not subject to collateral attack. Counsel for plaintiff contends, on the other hand, that

it is void for jurisdictional reasons. The solution of this question requires a reference to the statutory requirements relating to judgments by confession, and to the statement or confession upon which the judgment in question was entered. Section 6130, Rev. Codes 1899, authorizes the entry of a judgment by confession, for money due or to become due, in the manner provided in sections 6131 and 6132. Section 6131 provides that "a statement in writing must be made, signed by the defendant and verified by his oath, to the following effect: (1) It must state the amount for which judgment may be entered, and authorize the entry of judgment therefor. (2) * * * (3) * * *" Section 6132: "* * * The statement must be presented to the district court or a judge thereof, and if the same is found sufficient, the court or judge shall make an order that judgment be entered by the clerk, whereupon the statement and order may be filed in the office of the clerk who shall enter in the judgment book a judgment for the amount confessed, with costs. The statement and affidavit with the judgment shall thenceforth become the judgment roll. Execution may be issued and enforced in the same manner as upon judgments in other cases in such courts * * *" It will be noted that the judgment roll consists of the statement and affidavit and judgment. The statement and affidavit, which is a part of the judgment roll in the case, is as follows:

"State of North Dakota, County of McHenry—ss.:

"Know ye that John Pifer, of McHenry county, in the state of No. Dakota, being indebted to the Bank of Minot (a corporation under laws of Dakota) in the sum of five hundred ninety-eight and 50-100 dollars, for an actual loan of money, for which aforesaid note was given to said Bank of Minot, to be paid at the time and times specified aforesaid, I, John Pifer, do hereby waive the issuing and service of summons and hereby confess a judgment against me, John Pifer, * * * as defendant in favor of the Bank of Minot, of Minot, Dakota, as plaintiff, for the sum of five hundred ninety-eight and 50-100 dollars aforesaid, and do hereby authorize the clerk of the district court in and for the county of McHenry and state of No. Dakota to enter up judgment in due and legal form against me, * * * John Pifer, * * * for the aforesaid amount, with all costs incident and pertaining to this confession of judgment, including one hundred dollars as attorney's fees, in accordance with the terms of said mortgage, and interest

from date at twelve per cent per annum; and I, the said John Pifer, * * * do solemnly swear that the above statement is true and correct in every essential particular, and that the above stated and aforesaid amount is now or to be justly due said plaintiff for the cause aforesaid.

"Catherine Pifer,
"John Pifer.

"Sworn, subscribed to, and acknowledged before me this 30th day of September, A. D. 1890. James M. Pendroy, Notary Public. [Notary's Seal.]"

Certain other papers were introduced. One of them is an agreement signed by Pifer and wife, in which they acknowledge having executed a note to the Bank of Minot for $598.50, describing it, and secured by a mortgage, and bind·themselves to certain collateral agreements in reference to the payment of interest, taxes and attorney's fees. This document precedes and is apparently attached to the "statement and affidavit" above quoted. Another paper is an affidavit of W. C. Hagler, dated July 25, 1900, in which he swears "that he is the owner and holder of a certain confession of judgment made by John Pifer and Catherine Pifer, on the 30th day of September, A. D. 1890, to the Bank of Minot; * * * that there is due and unpaid upon the notes * * * described in the said confessions of judgment the sum of $905.49; * * * that the annexed confession of judgment and notes were duly sold and assigned to the affiant who still holds the same. * * *" The order for judgment and alleged judgment is as follows: "The annexed statement and confession of judgment, together with the foregoing affidavit and notes, having been presented to me, and the said statement and confession of judgment having been found sufficient and satisfactory: Now, therefore, it is hereby ordered that said judgment be filed, entered and docketed by the clerk of the district court of the county of McHenry, state of North Dakota, for the sum of nine hundred and five and 49-100 dollars, the amount shown to be due at the date hereof, for which judgment is hereby rendered, together with clerk's fees for the entry thereof, and that said judgment be docketed in favor of W C. Hagler, to whom the same has been duly assigned. Dated July 27th, 1900. * * *" The defendant also offered the docket entries from the clerk of the court's office, in both McHenry and Wells counties.

Counsel for plaintiff contends that the alleged judgment is a nullity for the following reasons: (1) That the confession of judgment in favor of the Bank of Minot and above set out did not give jurisdiction or authority to enter judgment in favor of W. C. Hagler; (2) that "the statement and affidavit" was insufficient under the statute; and (3) there was no entry of a judgment, and that the entry of the above order does not constitute a final judgment. The first of the above contentions is the only one we need consider. It will be seen by referring to Pifer's written statement and affidavit that he confessed judgment "in favor of the Bank of Minot" and authorized the entry of judgment in favor of the Bank of Minot for the amount due upon the note therein referred to. Conceding the sufficiency of the statement in other respects, this gave the Bank of Minot authority to have judgment entered in its favor for the amount stated in the confession. But the question is, did it give authority for the entry of judgment in favor of Hagler? We are agreed that it did not. It is well settled that the authority to confess judgment without process must be clear and explicit, and must be strictly pursued. Under this rule it has been held that a warrant of attorney given by two persons and authorizing the entry of judgment against them will not authorize the confession and entry of judgment against one of them alone. Hunt v. Exec., 8 N. J. Law, 336; 14 Am. Dec. 427; The M. & M. Bank v. St. John, 5 Hill (N. Y.) 497. The judgment must be against the two jointly. The reason for this is that such only was the judgment authorized by the persons creating the power. For the same reason it has been held that a warrant of attorney by the maker of a promissory note which authorizes the confession of a judgment in favor of the payee, does not authorize the entry of judgment in favor of one to whom the note has been transferred. Osborn v. Hawley, 19 Ohio, 130; Spence v. Emerine, 46 Ohio St. 433, 21 N. E. 866, 15 Am. St. Rep. 634; Patterson v. Pyle (Pa.) 17 Atl. 6; Nat. Exch. Bank v. Wiley (Neb.) 92 N. W. 582. The statement of facts in Cross v. Moffat, 11 Col. 210, 17 Pac. 771, cited by counsel for appellant, is so meager that we are unable to determine to what extent, if at all, that case is an authority for a contrary rule.

Cases will be found where judgments by confession in favor of persons other than the payee have been sustained. In such cases it will be found that the warrant of attorney authorized the confession in favor of "the holder of the note" as in Richards v.

Barlow, 140 Mass. 218, 6 N. E. 68, or "their assigns" as in Holmes v. Bemis, 124 Ill. 453, 17 N. E. 42, but see Marsden v. Soper, 11 Ohio St. 503. The reason for sustaining such judgment is that they are within the terms of the power. In the case at bar no such general authority was given. The makers of the note delegated the power to cause a judgment to be entered in favor of the Bank of Minot. We cannot hold that it authorized the entry of judgment in favor of another without reading into the written statement and affidavit provisions which the party making it withheld: This we cannot do. The confession confers no further authority than is given in express language, and that is to confess judgment in favor of the Bank of Minot. It furnished no authority whatever for the entry of a judgment in favor of the defendant, Hagler. It was not a mere irregularity or error of law to enter judgment in favor of Hagler. The only authority given was to enter judgment in favor of the Bank of Minot. This want of authority appears affirmatively upon the judgment roll. The statement and affidavit upon which the judgment rests is a part of the judgment roll and shows that the judgmnet was entered without authority and without jurisdiction. The presumption of jurisdiction, which arose from the recitals in the judgment, is overcome by the statement and affidavit. Adams v. Cowles, 95 Mo. 501, 8 S. W. 711, 6 Am. St. Rep. 74. The want of jurisdiction thus appearing upon the judgment roll, the judgment was open to collateral attack. It follows from the views already expressed that the trial court did not err in holding the judgment void, and in quieting the plaintiff's title as against the defendant's purchase at the execution sale.

Judgment affirmed. All concur.

MORGAN, C. J., being disqualified to sit in this case, C. J. FISK, judge of the First judicial district, sat in his place.