INGE E. RIVERS v. ALFRED RIVERS

No. 7512DC902

(Filed 7 April 1976)

**Rules of Civil Procedure §§ 58, 68.1— confession of judgment — notice to defendant not required**

> The trial court properly determined that G.S. 1A-1, Rule 58, did not apply to confession of judgment, that defendant was not entitled to receive written notice of the entry of the confession of judgment, and that defendant therefore was not entitled to relief from the judgment by confession; moreover, a defendant is deemed to have notice of a confession of judgment, since without a written statement by defendant authorizing its entry there can be no confession of judgment. G.S. 1A-1, Rule 68.1.

APPEAL by defendant from *Herring, Judge.* Judgment entered 17 September 1975 in District Court, CUMBERLAND County. Heard in the Court of Appeals 20 February 1976.

In November 1973, a judgment by confession was entered by the Clerk of Court which provided that defendant was to pay plaintiff $300 per month permanent alimony. On 27 May 1975, pursuant to Rule 60 (b), defendant moved for relief from the judgment by confession. It was established that defendant never received written notice of the entry of the judgment by confession.

After finding facts the trial court concluded that defendant had not presented grounds for relief under Rule 60 (b), and "as a matter of law that Rule 58 of the North Carolina Rules of Civil Procedure relative to the Entry of Judgment has no application" to a confession of judgment authorized by Rule 68.1.

*MacRae, MacRae & Perry, by Daniel T. Perry III, for plaintiff appellee.*

*Pope, Reid & Lewis, by Marland C. Reid, for defendant appellant.*

ARNOLD, Judge.

Defendant assigns error to the court's conclusion that G.S. 1A-1, Rule 58 has no application to a confession of judgment. He contends that G.S. 1A-1, Rule 68.1, which authorizes confession of judgment, does not prescribe the manner in which

Rivers v. Rivers

judgments by confession are to be entered, and therefore Rule 58 should govern.

Under Rule 58 there are three requirements necessary for the entry of judgments which are not rendered in open court. First, an order for the entry of judgment must be given to the clerk by the judge. Second, the judgment must be filed. Third, the clerk must mail notice to all parties, and entry of judgment is deemed to have been made at the time of the mailing of the notice. The clerk's notation on the judgment of the time of the mailing is *prima facie* evidence of the mailing and time of the mailing. *(See* N. C. Civ. Prac. & Proc., § 58-6.)

Because defendant received no written notice of the entry of the confession of judgment, and there was no notation on the judgment of the time of mailing such notice, he contends there was an improper entry of judgment. Defendant reasons that under G.S. 1A-1, Rule 60(b) (6), which allows relief for "any other reasons justifying relief from the operation of the judgment," he has grounds for relief from the judgment since he was not given proper notice of entry.

Defendant argues that the objectives of Rule 58 are to make the moment of entry of judgment easily identifiable and to give fair notice to all parties. This is a correct statement of the purposes of Rule 58 in cases where the rule is intended to apply.

G.S. 1A-1, Rule 68.1 authorizes a confession of judgment by filing with the clerk a verified statement signed by the defendant. The statement must contain the names of each of the parties, the county of residence of each party, a concise explanation as to why defendant is or may become liable to plaintiff, and an authorization for the entry of judgment for the amount stated. A statute authorizing confession of judgment is in derogation of the common law and is to be strictly construed. *Gibbs v. Weston and Co.*, 221 N.C. 7, 18 S.E. 2d 698 (1942).

Under Rule 58 the clerk may not enter a judgment not rendered in open court without first receiving "an order for the entry of judgment . . . from the judge." In contrast, there can be no entry of a confession of judgment, under Rule 68.1, without a written authorization for entry by the defendant. The defendant is therefore deemed to have notice since without a written statement by defendant authorizing its entry there can be no confession of judgment.

The trial court was correct that Rule 58 did not apply to confession of judgment, and that defendant had not shown grounds for relief under Rule 60(b). The order denying defendant's motion for relief is

Affirmed.

Chief Judge BROCK and Judge PARKER concur.