[Civ. No. 54214. Second Dist., Div. Four. May 25, 1979.]

COUNTY OF VENTURA, Plaintiff and Respondent, v.
RUDY CASTRO, JR., Defendant and Appellant.

■■■■■■■■

## COUNSEL

King & Skeels and Paul Lockwood Skeels for Defendant and Appellant.

Stephen P. Wiman, Manuel Jose Covarrubias, Richard A. Weinstock and Robert Guerra as Amici Curiae on behalf of Defendant and Appellant.

George Deukmejian, Attorney General, Jack R. Winkler, Robert H. Philibosian, Chief Assistant Attorneys General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow, Andrew D. Amerson and Linda C. Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ALARCON, J.—** ■ ■■■ Defendant has appealed from the order denying his motion to set aside judgment for child support.[1] The judgment was entered pursuant to an agreement for the entry of judgment as authorized by Welfare and Institutions Code section 11476.1.

*Contentions on Appeal*

Appellant asserts that:

(a) Welfare and Institutions Code section 11476.1 is unconstitutional because it authorizes the entry of judgment without notice and opportuni-

---

[1]Ordinarily, an order denying a motion to reconsider or vacate a judgment is not appealable. However, an appeal may be taken from the denial of a statutory motion to vacate. In the instant case, defendant moved pursuant to Code of Civil Procedure section 473 to set aside the judgment entered on the grounds of mistake, inadvertence, surprise, excusable neglect, duress, and undue influence. The order denying that motion is appealable. (*Winslow* v. *Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 282 [153 P.2d 714].)

ty to be heard, or adequate waiver thereof, and thus deprives defendant of due process of law; and

(b) the agreement for the entry of judgment is a contract between defendant and the District Attorney of the County of Ventura and is void.

Amici curiae contend that the statutory requirement that the court enter judgment pursuant to stipulation is violative of the doctrine of separation of powers.

### Summary of the Facts

Prior to August 2, 1977, Viola Gonzales applied for welfare benefits from the County of Ventura. She informed the county employees that she was pregnant and that Rudy Castro, Jr., was the father of her unborn child. The family support division of the office of the District Attorney of Ventura County wrote a letter to Mr. Castro requesting that he come into the Ventura County District Attorney's office to discuss the matter. On August 2, defendant came to the office in response to the letter and spoke to Juanita J. Hickman, a family support officer of the office of the district attorney.

Ms. Hickman asked defendant if he was the father of the child and defendant stated that there were some doubts in his mind but "more than likely I am the father." Ms. Hickman explained to defendant his options. She explained that if he wished to agree to paternity of the unborn child, he could enter into an agreement of paternity with the district attorney's office which would be filed with the court and which would result in a judgment of paternity and an order that he pay child support. She told him that if he was not sure he was the father, the office would file a civil paternity action, serve him with summons and complaint, and he would have 30 days within which to file an answer and have a trial on the issue. She also explained that if he did nothing after the summons and complaint were served upon him, a judgment by default would be entered against him, resulting in an order requiring him to pay child support.

She told him that Ms. Gonzales had nothing to do with bringing the action except that she had accepted welfare assistance and that any money paid by defendant for the support of the child would be used to reimburse the county for the welfare assistance expended for the child. Defendant agreed to sign the agreement for judgment. He read and

signed the agreement prepared by Ms. Hickman and was provided with a copy of the agreement.

The agreement was filed with the Ventura County Superior Court on August 11, 1977. The agreement contains the following provisions:

"It is hereby agreed by plaintiff, through C. STANLEY TROM, District Attorney for the County of Ventura, and Rudy Castro, Jr., defendant, that the following facts are true and that a judgment be entered against the defendant in accordance with this agreement.

"1. Defendant acknowledges that the District Attorney of Ventura County does not represent him and that he understands that he has had an opportunity to have an attorney advise and represent him in this matter.

"2. Defendant understands that a judgment for child support will be entered against him based upon this agreement.

"3. The defendant is the father of: unborn child of Viola Gonzales, due to be born December 1977.

"4. The defendant agrees to pay $125.00 per child per month commencing on Sept. 1, 1977, and on the same date each month thereafter until termination by operation of law or further order of court."

In addition, the agreement provides for payment of a $2.50 processing service charge per month, a mode of payment and address to which payments are to be mailed, a requirement that defendant keep the district attorney's office apprised of his address, and an acknowledgment that if defendant should become two months in arrears in child support payments, his wages shall be assigned.

On August 11, 1977, judgment for child support by agreement was entered by the Ventura County Superior Court. In that judgment, the court decrees that defendant is the father of the unborn child of Viola Gonzales and orders defendant to pay the sum of $125 per month child support "until termination by operation of law or further order of court."

On February 9, 1978, defendant moved to set aside the agreement and the judgment entered thereon pursuant to Code of Civil Procedure

section 473. Defendant's motion was supported by his declaration that at the time he visited the district attorney's office, he had serious doubts that he was the father of the child; that he was aware that the district attorney prosecutes criminal cases and feared that he could be sent to jail for refusal to sign the agreement; that he did not realize that he was giving up his right to trial by jury on the issue of paternity, his right to discovery, and his right to a blood test. He further stated that he was not aware that by signing the agreement he was agreeing to support an unborn child until the child reached the age of 18 years.

Defendant averred that he did not sign the agreement freely and voluntarily but as the result of coercion and duress, nor did he understand the nature and consequences of the document.

Opposition to the motion to set aside the judgment was supported by a declaration executed by Juanita Hickman setting forth the information she had provided to defendant and the explanation she had given him concerning his options. The contents of her declaration are as previously summarized in the summary of the facts. Her declaration concludes:

"At no time was Mr. Castro threatened in any fashion nor were any promises made to him to induce him to enter into this agreement. I made every attempt to explain to him his options to his satisfaction and answer his questions. There was no mention of any criminal action in any respect during our conversation nor was there any mention of the possibility of any jail sentence being imposed."

Defendant's motion to set aside the judgment was denied, and this appeal followed.

*Constitutionality of Welfare and Institutions Code Section 11476.1*

Appellant argues that the code section authorizing the entry of a judgment establishing paternity and an obligation to pay child support pursuant to stipulation is violative of due process. Welfare and Institutions Code section 11476.1 provides as follows:

"In any case where the district attorney has undertaken enforcement of support, the district attorney may enter into an agreement with the noncustodial parent, on behalf of the custodial parent, a minor child, or children, for the entry of a judgment determining paternity, if applicable, and for periodic child support payments based on the noncustodial

parent's reasonable ability to pay. Prior to entering into this agreement, the noncustodial parent shall be informed that a judgment will be entered based on the agreement. The clerk shall file the agreement without the payment of any fees or charges. The court shall enter judgment thereon without action. The provisions of Civil Code Section 4702 shall apply to such judgment. The district attorney shall be directed to effect service upon the obligor of a copy of the judgment and notify the obligor in writing of the right to seek modification of the amount of child support order upon a showing of changes of circumstances and upon such showing the court shall immediately modify the order and set the amount of child support payments pursuant to Section 11350, and to promptly file proof of service thereof.

"For the purposes of this section, in making a determination of the noncustodial parent's reasonable ability to pay, the following factors shall be considered:

"(a) The standard of living and situation of the parties;

"(b) The relative wealth and income of the parties;

"(c) The ability of the noncustodial parent to earn;

"(d) The ability of the custodial parent to earn;

"(e) The needs of the custodial parent and any other persons dependent on such person for their support;

"(f) The age of the parties;

"(g) Any previous court order imposing an obligation of support."

Appellant relies on the recent California Supreme Court decision, *Isbell* v. *County of Sonoma* (1978) 21 Cal.3d 61 [145 Cal.Rptr. 368, 577 P.2d 188], in support of his contention that the statute under consideration here is unconstitutional. In *Isbell,* the Supreme Court found unconstitutional the California confession of judgment statutes (Code Civ. Proc., §§ 1132-1134). Appellant's analogy between the confession of judgment condemned there and the agreement for judgment procedure utilized here is well drawn. The *Isbell* court first observed that, under the due process clause of the federal Constitution, (p. 64): "[A] court may enter judgment against a defendant only if the record shows that either

(a) the defendant has received notice and an opportunity to be heard, or (b) the defendant has voluntarily, knowingly and intelligently waived his constitutional rights." In *Isbell,* the plaintiffs had allegedly received excess welfare benefit payments from the County of Sonoma. At the behest of a county representative, they executed confessions of judgment for the sums due and authorized the entry of judgment against them in those amounts. The confessions of judgment were filed with the court and judgments were thereupon entered for the confessed sums. The *Isbell* court observed that (p. 66): "The striking feature of the confession of judgment at common law lies in its authorization for entry of final judgment against a debtor without notice, hearing, or opportunity to defend." In this respect, we see no distinction between a confession of judgment and an agreement for judgment. Once the agreement has been executed, it may be filed at any time at the pleasure of the district attorney's office, without prior notice to defendant. Defendant receives notice only after judgment has been entered against him. ". . . all courts agree that a judgment entered pursuant to such a confession is constitutional only if the confession constitutes a *valid waiver* of the debtor's due process rights. [Citations.]" (*Isbell, supra,* at p. 68.)

Respondent argues that the waiver by defendant in this case was knowing and voluntary and makes reference to the declaration of Juanita Hickman concerning her conversation with defendant. We recognize that we must resolve any factual dispute between appellant and respondent in favor of respondent. However, our inquiry here must be not whether this defendant knowingly and intelligently and voluntarily waived his right to notice and hearing, but whether the statute makes provision for such waiver. The *Isbell* court at page 65 summarized its holding as follows: "Because the California statutes provide insufficient safeguards to assure that the debtor in fact executed a voluntary, knowing, and intelligent waiver, . . . we conclude that the confession of judgment procedure established in sections 1132 through 1134 violates the due process clause of the Fourteenth Amendment."

In the instant case, the statute under consideration makes no provision for protection of the due process rights of the noncustodial parent, nor does it address the issue of the manner in which defendant shall be permitted to waive those rights. The only provision with respect to information which must be provided to the defendant is the following sentence: "Prior to entering into this agreement, the noncustodial parent shall be informed that a judgment will be entered based on the agreement." (Welf. & Inst. Code, § 11476.1.) Glaringly absent from the

provisions is any requirement that the defendant be informed that he has a right to trial on the issues of paternity and his obligation to support the minor child.

■ Waiver of constitutional rights is never presumed. (*D. H. Overmyer Co.* v. *Frick Co.* (1972) 405 U.S. 174, 186 [31 L.Ed.2d 124, 134, 92 S.Ct. 775].) Yet, in the instant case, we are called upon to presume that a defendant knowingly, intelligently, and voluntarily waived his right to notice and an opportunity to be heard when the statute contains no requirement that he even be made aware of those rights.

■ Nor does the document executed by defendant reflect such a knowing and voluntary waiver. The court is instructed to enter judgment based on the agreement. However, the required waiver of due process rights could not be apparent to the court on the face of the document executed herein. No mention is made in the agreement of an understanding on the part of defendant that he has a right to a trial on the issue of paternity and child support and that he is freely giving up that right.

In *Isbell, supra,* 21 Cal.3d 61, the Supreme Court concluded that the confessions of judgment executed therein demonstrated neither the voluntary character of any waiver of due process rights nor that such waiver was knowing or intelligent. The court observed the disparity of bargaining power between the creditor who prepared the agreement, in that case the County of Sonoma, and the debtor. The court observed that the drastic nature of the document which resulted in the debtor's advance waiver of all possible defenses and of the right to be notified of the existence of the proceeding against him, strongly implied overreaching on the part of the creditor and precluded the indulgence in a presumption that the execution of the document by the debtor was voluntary. (*Isbell* v. *County of Sonoma, supra,* at pp. 69-70.)

In the instant case the agreement was entered into between a lay person and an employee of the office of the district attorney. The declaration of defendant that at the time of the discussion with Ms. Hickman he believed that he could be sent to jail for refusal to sign the agreement and believed that refusal to sign the agreement would result in "dire consequences," is, of course, uncontradicted in the record and eminently reasonable. It is common knowledge that the district attorney's office prosecutes criminal cases. We would be blinding ourselves to reality if we were to presume that an agreement such as the one in the case at bar were voluntarily executed in the absence of some express evidence of

that fact. As stated in *Isbell*, at page 70, "[A] court presented only with the verified confession of judgment cannot assume the voluntariness of any waiver of due process rights implicit in that confession."

By the same token, the mere fact that the defendant read and executed the agreement does not demonstrate that he knowingly and intelligently waived the rights lost by that execution. Absent an express statement in the agreement setting forth the rights to which defendant is entitled and stating that he understands those rights and knowingly waives them, we must " 'indulge every reasonable presumption against waiver' of fundamental constitutional rights." (*Johnson* v. *Zerbst* (1938) 304 U.S. 458, 464 [82 L.Ed. 1461, 1466, 58 S.Ct. 1019, 146 A.L.R. 357].)

Finally, the statute makes no provision for any prejudgment judicial determination on the issue of waiver. The statute directs that once an agreement for judgment has been filed, "the court shall enter judgment thereon without action." Similar language in the Confession of Judgment statutes was found infirm because it did "not provide for a case by case determination of the validity of the debtor's waiver." (*Isbell, supra*, at p. 71.)

Code of Civil Procedure section 1134 directs the *court clerk* to enter judgment upon the filing of a written confession. Welfare and Institutions Code section 11476.1 directs that the judgment shall be entered by the *court*. However, neither statute requires or provides an opportunity for a judicial determination of the validity of any constitutional waivers. Respondent seeks to persuade us that the analogy drawn between confessions of judgment and agreements for judgment is erroneous. Respondent contends that the fact that defendant is informed that judgment will be entered based on the agreement, that he is informed that he has the right to consult an attorney, and that he is provided with a copy of the agreement, serve to distinguish the two documents. But we believe that the position of the parties in this case, and the direct and collateral consequences of the execution of an agreement for judgment concerning paternity and child support, demand even closer constitutional scrutiny.

Defendant was informed that if he signed the agreement for judgment, he would be obligated to pay $125 per month child support until termination by operation of law or further order of court. He was also advised that the money was to be paid to the county, not to Ms. Gonzales, as reimbursement so long as she was accepting welfare benefits. He was

further advised that if at any time he became two months in arrears in child support payments, his wages could be assigned. However, he was not advised that he could be subject to criminal prosecution for failure to support the child as ordered. On the contrary, Ms. Hickman's declaration states: "There was no mention of any criminal action in any respect during our conversation nor was there any mention of the possibility of any jail sentence being imposed." In fact, Penal Code section 270 provides that the failure to support one's child is a misdemeanor punishable by fine and/or incarceration.

Of additional concern is the fact that the explanation given to the defendant and the agreement which he signed imply that the obligation assumed is only to the County of Ventura so long as the mother of the minor child is receiving welfare aid. However, it is not unlikely that were such aid to terminate, the mother would seek child support payments directly from defendant. The execution of the agreement by defendant, admitting paternity, and the existence of a judgment establishing paternity, would be admissible as evidence on that issue in any subsequent support action. (See *Salas* v. *Cortez* (1979) 24 Cal.3d 22, 29 [154 Cal.Rptr. 529, 593 P.2d 226]; Pen. Code, § 270e.)

Both the California Legislature and the California courts have in recent years severely limited the use of confessions of judgment or cognitive provisions. (See for example *Hulland* v. *State Bar* (1972) 8 Cal.3d 440, 449 [105 Cal.Rptr. 152, 503 P.2d 608]; *Kash Enterprises, Inc.* v. *City of Los Angeles* (1977) 19 Cal.3d 294, 307 [138 Cal.Rptr. 53, 562 P.2d 1302]; *Brooks* v. *Small Claims Court* (1973) 8 Cal.3d 661 [105 Cal.Rptr. 785, 504 P.2d 1249]; *Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 275-276 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206].) An example of legislative concern is the 1975 amendment to Code of Civil Procedure section 1132. That section now provides that in any sale or loan primarily for household, family or personal use, judgment may be entered on a confession only if an attorney who independently represents the defendant certifies that he has advised the defendant concerning his rights and the waiver thereof and his defenses, and that the attorney has recommended the use of the confession of judgment procedure.

What we view as a trend toward providing protection against the entry of judgments without notice, where due process rights may not have been waived, is properly followed in this case. The judgment here will deprive defendant of personal property and may deprive him of his freedom. Any statute authorizing the entry of a judgment under such circumstances

must contain adequate safeguards to assure that defendant's rights to due process are properly waived.

Therefore, an agreement for judgment or a judgment entered pursuant to Welfare and Institutions Code section 11476.1 is constitutionally defective.

### Separation of Powers

■ Amici curiae attack the constitutionality of section 11476.1 of the Welfare and Institutions Code on the ground that it violates the doctrine of separation of powers. Article III, section 3, of the California Constitution provides as follows: "The powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by this Constitution."

Amici Curiae contend that section 11476.1 "effectively transfers the power to render a judgment of paternity and for child support from the court to the district attorney." Amici argue that the effect of section 11476.1 is to preclude the trial court from holding an evidentiary hearing so as to make an independent determination of the fact of paternity and the amount of support to be awarded based on the parent's reasonable ability to pay. Instead, we are told, the statute gives this fact-finding power to the district attorney.

We disagree. The statute does not come into play unless there has been an agreement between the district attorney and the noncustodial parent as to paternity and as to the amount of child support payments based on his reasonable ability to pay. The effect of such an agreement is to declare that there is no dispute as to the facts which requires resolution by an evidentiary hearing. We see no rational purpose which would be served by requiring an evidentiary hearing in all civil child support actions. The court system should not have this additional burden thrust upon its overcrowded docket.

In the field of criminal law where lives and freedom are at stake, our highest courts have recognized the importance to the court system of permitting the prosecutor and the accused to work out plea bargaining agreements which avoid a trial. (*Santobello* v. *New York* (1971) 404 U.S. 257 [30 L.Ed.2d 427, 92 S.Ct. 495]; *People* v. *West* (1970) 3 Cal.3d 595 [91 Cal.Rptr. 385, 477 P.2d 409].) We see no reason to impose a more restrictive concept concerning civil actions.

The statute in question does not violate the doctrine of separation of powers, and if an agreement for judgment were executed based on a statute which respected defendant's right to due process of law, as discussed hereinabove, a judgment could properly be entered thereon.[2]

### The Validity of the Agreement

Appellant contends that the agreement for judgment entered into herein was in fact a contract and as such is voidable because: (a) defendant acted under duress and did not freely consent to the terms of the contract; (b) the defendant's consent was obtained by mistake of fact, in that he was misinformed with respect to the anticipated birthdate of the child; (c) the agreement was executed by defendant while he was operating under a mistake of law, in that he did not understand that he was assuming an obligation to support the child until the child reached the age of 18; and (d) the contract was executed without consideration flowing to the defendant.

Whether the agreement herein is interpreted as a contract (see *L. A. City Sch. Dist.* v *Landier Inv. Co.* (1960) 177 Cal.App.2d 744, 750-751 [2 Cal.Rptr. 662]) or a stipulation (see *Harris* v. *Spinali Auto Sales, Inc.* (1966) 240 Cal.App.2d 447, 452-454 [49 Cal.Rptr. 610]), analysis of this issue is unnecessary to the resolution of this case. If the agreement herein were found to be void or voidable, that finding would be based on an examination of the facts in this case. We have determined that the agreement for judgment and judgment entered herein are void, the authorizing statute being unconstitutional. It is therefore unnecessary to determine whether the agreement is also invalid as violative of the rules governing contracts or stipulations.

The order denying defendant's motion to set aside the judgment is reversed and the cause remanded with directions to enter an order granting defendant's motion setting aside the agreement for the entry of judgment, and the judgment. Costs on appeal are awarded to appellant.

Kingsley, Acting P. J., and Jefferson (Bernard), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 19, 1979.

---

[2] Amici request that we give retroactive effect to the holding in this case. We decline on these facts to address the issue of retroactivity.