No. 79–633. COUNTY OF VENTURA *v.* CASTRO. Ct. App. Cal., 2d App. Dist. Certiorari denied.

MR. JUSTICE BLACKMUN, with whom MR. JUSTICE REHNQUIST joins, dissenting.

I believe that this case presents the substantial question whether the ruling of the California Court of Appeal is consistent with this Court's decision in *D. H. Overmyer Co.* v. *Frick Co.*, 405 U. S. 174 (1972). See also *Isbell* v. *County of Sonoma*, 21 Cal. 3d 61, 577 P. 2d 188, cert. denied as out of time, 439 U. S. 996 (1978).

The case concerns an agreement of paternity signed by the alleged father of the unborn child of a welfare recipient. The mother-to-be applied for welfare assistance and informed county employees that respondent was the father of her unborn child. At the request of the District Attorney's office, respondent came to that office and spoke with Juanita Hickman, a family support officer.

Although respondent expressed some doubts, he told Hickman that "more than likely I am the father." Hickman explained to respondent that he could sign an agreement of paternity which would be filed in court and which would result in 'a judgment of paternity and an order to pay child support. He was advised, alternatively, that if he was not certain he was the father, the office would institute a paternity action and serve him with a summons and complaint; he then would have 30 days to answer and a trial would follow. Respondent signed a paternity agreement, prepared by Hickman. It was filed with the Ventura County Superior Court. The pertinent part of the agreement read:

"It is hereby agreed by plaintiff, through C. STANLEY TROM, District Attorney for the County of Ventura, and Rudy Castro, Jr., defendant, that the following facts are true and that a judgment be entered against the defendant in accordance with this agreement.

"1. Defendant acknowledges that the District Attorney of Ventura County, does not represent him and that he understands that he has had an opportunity to have an attorney advise and represent him in this matter.

"2. Defendant understands that a judgment for ·child support will be entered against him based upon this agreement.

"3. The defendant is the father of: unborn child of Viola Gonzales, due to be born December 1977.

"4. The defendant agrees to pay $125.00 per child per month commencing on Sept. 1, 1977, and on the same date

each month thereafter until termination by operation of law or further order of court."

Six months after entry of judgment, respondent moved to set aside the agreement and judgment on the grounds that he had signed the agreement out of fear that he would be criminally prosecuted, that he did not realize all the rights he was giving up, such as the right to discovery and blood tests of the mother and child, and that he did not know he would be liable for child support until the child reached the age of 18 years. The Superior Court denied the motion. The California Court of Appeal reversed. 93 Cal. App. 3d 462, 156 Cal. Rptr. 66 (1979).

The signed agreement was authorized by § 11476.1 of Cal. Welf. & Inst. Code Ann. (West Supp. 1973–1978). That section reads as set forth in the margin.*

---

*"In any case where the district attorney has undertaken enforcement of support, the district attorney may enter into an agreement with the noncustodial parent, on behalf of the custodial parent, a minor child, or children, for the entry of a judgment determining paternity, if applicable, and for periodic child support payments based on the noncustodial parent's reasonable ability to pay. Prior to entering into this agreement, the noncustodial parent shall be informed that a judgment will be entered based on the agreement. The clerk shall file the agreement without the payment of any fees or charges. The court shall enter judgment thereon without action. The provisions of Civil Code Section 4702 shall apply to such judgment. The district attorney shall be directed to effect service upon the obligor of a copy of the judgment and notify the obligor in writing of the right to seek modification of the amount of child support order upon a showing of changes of circumstances and upon such showing the court shall immediately modify the order and set the amount of child support payment pursuant to § 11350, and to promptly file proof of service thereof.

"For the purposes of this section, in making a determination of the noncustodial parent's reasonable ability to pay, the following factors shall be considered:

"(a) The standard of living and situation of the parties;
"(b) The relative wealth and income of the parties;
"(c) The ability of the noncustodial parent to earn;

Although the Court of Appeal commented on the facts of the particular case, and the likelihood that there had been no knowing and voluntary waiver of due process rights, the court found § 11476.1 unconstitutional on its face. The statute was declared defective because it does not make adequate provision for the protection of due process rights of the non-custodial parent and it does not address the manner in which the defendant may waive those rights. "Glaringly absent," 93 Cal. App. 3d., at 469, 156 Cal. Rptr., at 70, was a requirement that the defendant be informed of his right to trial. The court also based its decision on the absence of any provision for prejudgment judicial determination of the voluntariness of a waiver of due process rights and on the disparity of bargaining power between petitioner and respondent.

In *Overmyer* this Court stated that "a cognovit clause is not, *per se,* violative of Fourteenth Amendment due process." 405 U. S., at 187. We emphasized the need to consider the facts of each situation. *Id.,* at 178, 187–188. While one may sympathize with respondent's position, the Court of Appeal's declaration that the California statute is unconstitutional on its face, as violative of the Fourteenth Amendment, appears to contravene the case-by-case approach of *Overmyer.* We indicated in *Overmyer, id.,* at 188, that a different result might follow where there is great disparity in bargaining power between the parties, but that question never has been decided specifically by the Court. See *Swarb* v. *Lennox,* 405 U. S. 191 (1972). Because the issue is bound to recur, I would grant the petition for certiorari and set the case for argument.

---

"(d) The ability of the custodial parent to earn;

"(e) The needs of the custodial parent and any other persons dependent on such person for their support;

"(f) The age of the parties;

"(g) Any previous court order imposing an obligation of support."