**UNDERWOOD FARMERS ELEVATOR,**
**Plaintiff and Appellee,**

v.

**Ron LEIDHOLM, Defendant**
**and Appellant.**

**Civ. No. 900107.**

Supreme Court of North Dakota.

Sept. 5, 1990.

Kathleen K. Davison of Zuger, Kirmis, Bolinske & Smith, Bismarck, for plaintiff and appellee. Appearance by Murray G. Sagsveen.

Colette M. Bruggman of Vogel Law Firm, Mandan, for defendant and appellant.

VANDE WALLE, Justice.

Ron Leidholm appealed from an order denying his motion to vacate a judgment against him in favor of Underwood Farmers Elevator. We reverse and remand for further proceedings.

Leidholm contracted with the Elevator to deliver 25,000 bushels of oats at $1.50 per bushel. The contract did not specify a delivery date. In June 1988 Leidholm advised the Elevator that, due to drought conditions, he would be unable to deliver the oats. He requested to "buy out" his contract at the then-current market price of $1.53 per bushel. The Elevator refused. One week later Leidholm again sought to buy out his contract at the market price of $1.63 per bushel. The Elevator again refused. Leidholm was finally allowed to buy out a month later, when the price of oats had soared to $2.67 per bushel because of widespread drought conditions. Leidholm asserts that this delay caused him to incur a $29,750 liability, rather than a $750 liability if he had been allowed to buy out at $1.53 per bushel.

At the Elevator's request, Leidholm on December 28, 1988, signed a confession of judgment in favor of the Elevator for $29,-750 plus twelve percent interest. Leidholm also signed a statement verifying that he had read the confession of judgment and that the statements therein were true. Leidholm now asserts that he signed the confession of judgment with the manager's assurance that it was just a formality, and that the Elevator would not attempt to collect but would later work out repayment terms, including a reduction of the amount.

Judgment was entered on the confession of judgment on May 23, 1989, and Leidholm was given notice of entry of judgment. When the Elevator sought collection of the judgment, Leidholm moved for vacation of the judgment under Rule 60(b), N.D.R. Civ.P. The district court denied the motion and Leidholm appealed.

The dispositive issue on appeal is whether there has been a sufficient showing that Leidholm voluntarily, knowingly, and intelligently waived his due-process rights to pre-judgment notice and a hearing when he signed the confession of judgment.

Confession of judgment is governed by Rule 68(c), N.D.R.Civ.P.:

*"(c) Confession of Judgment.*

"(1) A judgment by confession may be entered without action, either for money due or to become due, or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by this subdivision.

"(2) A statement in writing must be made, signed by the defendant, and verified by oath, to the following effect:

"1. It must state the amount for which judgment may be entered and authorize the entry of judgment therefore; and

"2. If the judgment to be confessed is for money due or to become due, it must state concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due or to become due; or

"3. If the judgment to be confessed is for the purpose of securing the plaintiff against a contingent liability, it must state concisely the facts constituting the liability and must show that the sum confessed therefor does not exceed the amount of that liability.

"(3) The statement must be presented to the court and, if the same is found sufficient, the court shall order the clerk to enter judgment. The statement, order for judgment, and judgment entered constitute the judgment roll. Execution may be issued and enforced in the same manner as upon judgments in other cases. If the debt for which the judgment is recovered is not all due, or is payable in installments, and the installments are not all due, the execution may issue upon that judgment for the collection of installments due, and must be in the usual form, but must have endorsed thereon by the attorney or person issuing the same a direction to the sheriff to collect the amount due on the judgment, which amount must be stated, with interest thereon and the costs of the judgment. Notwithstanding the issue and collection of the execution, the judgment remains as security for the installments thereafter to become due, and whenever any further installments become due, execution in like manner may be issued for its collection and enforcement."

Statutes or rules authorizing confession of judgment have historically been viewed with skepticism, and, because they are in derogation of the common law, have been strictly construed.[1] See, e.g., *Rasmussen v. Hagler*, 15 N.D. 542, 108 N.W. 541 (1906); *Gibbs v. G.H. Weston & Co.*, 221 N.C. 7, 18 S.E.2d 698 (1942); *Rivers v. Rivers*, 29 N.C.App. 172, 223 S.E.2d 568 (1976).

 The United States Supreme Court has addressed due process in the context of a confession of judgment pursuant to a cognovit clause in *D.H. Overmyer Co., Inc., of Ohio v. Frick Company*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972). A cognovit clause is essentially a confession of judgment included in a note whereby the debtor agrees that, upon default, the holder of the note may obtain judgment without notice or a hearing. *See Overmyer, supra;* Black's Law Dictionary 236 (5th ed. 1979).

The *Overmyer* Court noted that the due-process rights to notice and a hearing prior to a civil judgment may be waived. In determining the adequacy of the waiver, the Court "assumed" that the standard applicable to waiver in a criminal proceeding would apply: The waiver must be voluntary, knowing, and intelligently made. *Overmyer, supra.* The Court further cautioned that there is no presumed acquiescence in the loss of fundamental rights. *Overmyer, supra.*

The Court concluded that cognovit clauses are not, *per se*, violative of due process. The Court stressed that such cases should be reviewed on a case-by-case basis, with the factual setting being of paramount importance in determining whether due process is satisfied in each case. See also, *County of Ventura v. Castro*, 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed.2d 785 (1980) [Blackmun, J., dissenting from denial of

certiorari; *Overmyer* requires a case-by-case approach].

After reviewing the factual circumstances, the Court held that Overmyer had voluntarily, knowingly, and intelligently waived its rights, and stressed that the parties were experienced business entities of equal bargaining power, the cognovit clause was clearly bargained for, and each party had been represented by counsel. The Court also noted that the applicable Ohio law provided a post-judgment hearing through which the debtor could raise defenses and seek vacation of the judgment.

 The Elevator asserts that *Overmyer* is inapplicable because it involved a cognovit clause in a note, whereas this case involves a confession of judgment after default. For purposes of due-process analysis, however, we find little significant difference between the cognovit situation and the circumstances present in this case. We believe it is significant that no lawsuit was commenced before the Elevator asked Leidholm to sign the confession of judgment. Leidholm was never served with a summons and complaint, and accordingly did not receive the notice and opportunity to be heard which is part and parcel of those documents. In this respect, Leidholm was in the same position as a party to a cognovit note.

California, construing a statutory provision strikingly similar to our Rule 68(c), N.D.R.Civ.P.,[2] has held that *Overmyer* applies to this type of confession of judgment. In *Isbell v. County of Sonoma*, 21 Cal.3d 61, 577 P.2d 188, 145 Cal.Rptr. 368 (en banc), *cert. denied*, 439 U.S. 996, 99 S.Ct. 597, 58 L.Ed.2d 669 (1978), the plaintiffs were accused of fraudulently receiving excess welfare benefits. At the urging of the county, they signed confessions of judgment in the amount of the alleged overpayments. Relying upon *Overmyer*, the court concluded that a judgment en-

1. Under the North Dakota Consumer Finance Act licensees are prohibited from taking "any confession of judgment or any power of attorney running to himself or to any third person to confess judgment." Section 13–03.1–16(2), N.D. C.C.

2. Rule 68(c), N.D.R.Civ.P., is a near-verbatim adoption of the provisions of Chapter 28–10 of the North Dakota Revised Code of 1943. See Explanatory Note to Rule 68, N.D.R.Civ.P. Superseded Chapter 28–10, in turn, is nearly identical to the relevant California provisions. See Sections 1132–1134, Cal.Civ.Proc.Code.

tered pursuant to such a confession was constitutional only if the debtor validly waived his due-process rights to pre-judgment notice and a hearing.[3]

We conclude that the *Overmyer* due-process analysis applies to Leidholm's confession of judgment.[4]

In analyzing this issue, we note that the Court in *Overmyer* assumed, without deciding, that the criminal standard would apply. See also, *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). The Court has apparently never directly addressed the applicability of these standards to this type of case in the years since *Overmyer*. See Tribe, American Constitutional Law 749 (2d ed. 1988). Other courts relying upon *Overmyer* have, however, consistently applied the "voluntary, knowing, and intelligent waiver" test to due-process challenges in civil cases. See, e.g., *Seaboard Lumber Co. v. United States*, 903 F.2d 1560 (Fed.Cir.1990); *Atlantic Leasing & Financial, Inc. v. IPM Technology, Inc.*, 885 F.2d 188 (4th Cir. 1989). We will apply the same standard in this case and, accordingly, the judgment is valid only if Leidholm voluntarily, knowingly, and intelligently waived his due-process rights to pre-judgment notice and a hearing.

The order denying the motion to vacate judgment was entered without a hearing, pursuant to Rule 3.2, N.D.R.O.C., and we believe the record is inadequate to determine whether Leidholm voluntarily, knowingly, and intelligently waived his rights when he signed the confession of judgment. As previously noted, there is no presumption of acquiescence in the loss of fundamental rights. *Overmyer, supra;* *Ohio Bell Telephone Co. v. Public Utilities Commission of Ohio*, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093 (1937). We conclude that in order to satisfy the *Overmyer* requirement of a case-by-case, fact-specific review, it is necessary in this instance to remand to the district court for a hearing to determine whether Leidholm voluntarily, knowingly, and intelligently waived his due-process rights to notice and a hearing when he signed the confession of judgment.[5]

The dissent contends that whether Leidholm voluntarily, knowingly, and intelligently waived his due-process rights to pre-judgment notice and a hearing when he signed the confession of judgment was not raised below. Although the motion to vacate the judgment was not phrased in those

---

**3.** The California Supreme Court concluded in *Isbell* that its statutory procedure was facially violative of due process. See also, *County of Ventura v. Castro*, 93 Cal.App.3d 462, 156 Cal. Rptr. 66 (1979), *cert. denied*, 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed.2d 785 (1980). In a dissent to the denial of certiorari in *Castro,* two justices of the United States Supreme Court criticized this holding as contravening the case-by-case approach mandated by *Overmyer*. *County of Ventura v. Castro*, 444 U.S. 1098, 100 S.Ct. 1064, 62 L.Ed.2d 785 (1980) [Blackmun, J., dissenting from denial of certiorari].

**4.** The explanatory note to Rule 68(c), N.D.R. Civ.P., sounds a warning note concerning the procedure set forth therein:

"Subdivision (c) authorizes a judgment by confession to be entered without commencing an action. This subdivision is the same as Chapter 28–10, NDRC 1943, which previously governed the subject. However, depending upon the facts of a particular case a confession of judgment may be vulnerable to constitutional attack. See, *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972)."

**5.** Although an evidentiary hearing would appear desirable for the purpose of a case-by-case, fact-specific review, we do not here conclude it is required as a matter of law. We conclude only that for the purposes of this case, the record is not adequate for such a review.

Nevertheless, because of the need to determine whether or not a confession of judgment was executed voluntarily, knowingly, and intelligently, a motion to vacate a judgment predicated on a confession of judgment may, indeed, require different procedures than do motions to vacate ordinary judgments entered after trial or even after default. Rule 68(c) N.D.R.Civ.P., is specific in its requirements of what the statement of facts is to contain to justify the entry of judgment, i.e., the facts out of which the debt arose or, if a contingent liability, the facts constituting the liability. But it does not, nor could it, specify procedures to guarantee that the confession was executed knowingly, voluntarily, and intelligently, although the requirement that the facts be stated concisely in the confession of judgment presumably facilitates that determination.

precise terms, it alleged the following reasons for relief:

"1. Defendant signed a Confession of Judgment at the request of the Plaintiff's manager because he was informed that it was the only way the Plaintiff could keep the debt on its books for any extended period of time.

"2. The manager told Defendant that they would work out the terms of payment at a later date.

"3. The Defendant erroneously believed he owed the debt for which he signed the Confession of Judgment; however, Defendant does not owe the amount set forth in the Judgment as more specifically set out in Defendant's Affidavit and the attached Brief and his belief that he owed $29,750.00 is erroneous."

In the affidavit in support of the motion Leidholm states: "The manager explained that if I signed a confession of judgment the elevator would hold my debt until a later date when I was able to pay. He further explained that we could work out the terms of repayment at a later date."

The terminology that Leidholm did not "voluntarily, knowingly, and intelligently" waive his due-process rights to pre-judgment notice and hearing when he signed the confession of judgment was not used in the motion. But it is unduly legalistic to conclude that Leidholm was not alleging a lack of knowledge that judgment would be entered against him when he contended he signed because he believed the Elevator would hold the debt until a later date when he was able to pay and that the terms of repayment would be worked out at a later date. Those allegations belie knowledge that judgment would be entered against him without any further negotiations or proceedings. It does not appear we would be so punctilious in applying this standard to waiver in a criminal proceeding, the standard applied to a confession of judgment in *Overmyer*. For example, in *State v. Gustafson*, 278 N.W.2d 358, 363 (N.D. 1979), in determining whether pleas of guilty were voluntary and intelligently made, we observed that these standards "require the court to determine whether a plea is voluntary and not the result of ... promises apart from those contained in a plea agreement." Furthermore, as the Court cautioned in *Overmyer*, there is no presumed acquiescence in the loss of fundamental rights. See *State v. Orr*, 375 N.W.2d 171 (N.D.1985) [Court cannot assume waiver from a silent record]. Under these circumstances we believe the issue, although not artfully raised or briefed below, was raised sufficiently to permit us to consider it on appeal. In so concluding we acknowledge this is our first explication of the standard to be applied to a motion to vacate a judgment which is entered on the basis of a confession of judgment under Rule 68(c), N.D.R.Civ.P. Our remand is for the purpose of permitting the trial court to consider Leidholm's motion in light of the "voluntarily, knowingly, and intelligently" standard.

The order denying the motion to vacate the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

LEVINE, Justice, dissenting.

When there is an appeal from an order denying a motion to vacate a judgment, we review the trial court's order under an abuse-of-discretion standard. The majority here holds, in effect, that the trial court abused its discretion when it denied the motion to vacate because it failed to consider "whether Leidholm voluntarily, knowingly and intelligently waived his due-process rights to pre-judgment notice and a hearing when he signed the confession of judgment." The majority remands for a hearing to determine whether there was a waiver. I rather like the result. My problem is that Leidholm did not raise the issue of waiver to the trial court and did not ask for a hearing on his Rule 3.2 motion to vacate the judgment.

I share the majority's aversion to cognovit notes and confessions of judgment but I wonder what this case does to our bedrock principle of appellate law that an issue not

raised below is not reviewable on appeal. *See, e.g., Federal Land Bank of St. Paul v. Wallace,* 366 N.W.2d 444 (N.D.1985). The majority seems to be holding that in every case involving a confession of judgment, the trial court must consider the waiver issue whether or not that issue has been raised. That sounds like good public policy but, at the same time, it is incompatible with the equally compelling policy of orderly appellate process. I, therefore, reluctantly dissent.